Henry PIECHUCKI, Plaintiff,

v.

Margaret M. HECKLER, Secretary of the United States Department of Health & Human Services, Defendant.

No. CV 84–2968.

United States District Court, E.D. New York.

March 28, 1985.

William J. Eppig, West Islip, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty. by Deborah Zwany, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff brings this action pursuant to § 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to review a final determination by the Secretary of Health and Human Services ("Secretary") denying plaintiff a period of disability and disability benefits.

Plaintiff applied for disability insurance benefits on June 7, 1983. This application was denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on January 27, 1984. Considering the case *de novo*, the Administrative Law Judge ("ALJ") found that plaintiff was not under a disability. This became the final determination of the Secretary when it was approved by the Appeals Council on May 16, 1984.

### I.

Mr. Piechucki, born May 27, 1929, is now sixty-three years old and has only a tenth grade education. Plaintiff served in the infantry in World War II and was wounded in combat by shrapnel in 1945. His left leg was amputated below the knee as a result. He apparently spent several years in a VA hospital immediately after the war. Thereafter, Mr. Piechucki worked for thirty-five years as a dispatcher for a trucking company until May 27, 1983, the alleged onset of his disability. Plaintiff asserts his inability to work is caused by severe lower back pain, stiffness in his hip, and inflamation and severe pain underneath the prosthesis

on his lower left leg. The ALJ found plaintiff's past relevant work to be light, semiskilled work, in which plaintiff was required to keep files and records in order, walk repeatedly to and from the truck parking lot and climb in and out of trucks throughout the day.

The medical reports on the record indicate plaintiff is suffering from degenerative arthritis in his lower back and a left leg amputation below the knee. Plaintiff's complaints of pain in his stump are substantiated by medical findings of artherosclerotic plaques causing narrowing of several arteries in the stump. Lumbosacral spine x-rays reveal a narrowing of the L5–S1 interspace and facet joint degenerative arthritis. In a report dated February 15, 1984 the treating physician stated that based on his most recent examination, plaintiff's spine also showed a limited range of motion in all planes. Vocational expert Dr. Bernard Rosenberg testified that while Mr. Piechucki's vocational skills are transferrable they are "not highly marketable," and if plaintiff were to seek a sedentary job suitable to his vocational skills, he would have to undergo a change from both his former work setting and industry.

The ALJ determined that plaintiff suffers from a severe disability caused by chronic lower back pain and lower left leg amputation, and that plaintiff's combination of impairments do not meet or equal a listed impairment. The ALJ concluded that plaintiff could return to his previous work. (Tr. 14).

### II.

The factual determinations of the Secretary are conclusive where supported by substantial evidence on the record as a whole. *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir.1978). Nevertheless, on appeal the Court is not limited to scrutiny of the ALJ's factual determinations, but must also review the ALJ's analysis and use of the law and regulations. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984).

The Court cannot but note apparent discrepencies and inadequacies in the reasoning and conclusions of the ALJ's decision. While he devotes several paragraphs to discussion of plaintiff's ability to do sedentary dispatching (Tr. 13), in his concluding section of "Findings" he declares that plaintiff can perform his past relevant work, hence is not under a disability (Tr. 14). Clearly, the conclusion contradicts the reasoning of the ALJ's decision. More importantly, it does not fulfill the ALJ's duty to follow the analytical procedure outlined in the regulations and provide adequate and supportive reasoning.

■ In his discussion and reasoning the ALJ explicitly recognizes that the plaintiff cannot return to his past work as a dispatcher at a light work level of exertion. Moreover, if it were the ALJ's determination that plaintiff could return to light work dispatching, it is not supported by substantial evidence on the record. There is nothing on the record to support a finding that plaintiff can meet the walking and carrying requirements of light work. Mr. Piechucki is obviously experiencing pain in his stump from his prosthesis. At least one doctor saw a need for surgical revision of the stump as a result (Exhibit 21). And in July 1983 a Social Security Administration inverviewer noted plaintiff's limp and difficulty in moving, and concluded that plaintiff "is obviously unable to lift the 25 lbs. stated in his denial ltr [sic]" (Tr. 96). Remand to the Secretary to resolve the conflict between the ALJ's discussion and findings is unnecessary. It is clear that Mr. Piechucki is prevented by his impairments from returning to his former job insofar as it requires a capacity to do light work. The ALJ was obviously aware of plaintiff's limited exertional abilities when he stated that plaintiff could transfer his skills to dispatcher work in a "sedentary mode" (Tr. 13).

■ The analytical problems do not end here, however. First, the ALJ dismisses plaintiff's complaint of disabling pain with the conclusory statements, "The pain is evaluated as not debilitating," (Tr. 13) and,

"Claimant's allegations of experiencing intense pain which precludes the performance of all work-related activity is not credible" (Tr. 14). This is all the ALJ says on the matter. Clearly, this is inadequate. The ALJ is the finder of fact and judge of credibility. *Carroll v. Secretary of Health and Human Services*, 705 F.2d 638, 642 (2d Cir.1983). He must, however, articulate his reasoning in support of his determination at adequate length, weighing and evaluating the evidence. Moreover, where, as here, plaintiff's claim of disabling pain is supported by such objective clinical findings as narrowing of the L5–S1 spaces, arthritis, and impaired circulation in the stump, it is entitled to great weight. *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir.1983). Thus the ALJ must make some effort to outline evidence rebutting plaintiff's claim, an effort completely absent in this case.

■ Second, the ALJ, though deeming plaintiff able to do sedentary work, does not evaluate or detail his residual functional capacity. Again, this is inadequate. *Ferraris v. Heckler*, 728 F.2d 582, 585 (2d Cir.1984). Nevertheless, it is not crucial. For even if the ALJ had made the requisite findings and were supported by the record in his conclusion that plaintiff could do sedentary work using his dispatcher skills, his determination of not disabled is erroneous.

In this case plaintiff is of advanced age, has a limited education, and according to the vocational expert has transferrable skills. But the vocational expert also testified that if plaintiff were to seek other employment it would require substantial change in industry and work setting. Under § 201.00(f) of the Regulations, 20 CFR Part 4, Appendix II (1984), "In order to find transferrability of skills to sedentary work for individuals who are of advanced age (55 and over) there must be very little, if any, vocational adjustment required in terms of tools, work processes, *work setting or the industry*", (emphasis added). In applying the Grid regulations the ALJ failed to utilize this stricter regulation de-

fining transferrability for applicants of advanced age. Under this regulation plaintiff's skills are not considered transferrable and therefore a conclusion of "disabled" is dictated by the Grid.

In view of the inadequacy of the ALJ's evaluation, his contradictory determinations, and his failure to apply the appropriate regulations, it might be proper to remand to the Secretary. The Court concludes, however, that this would serve no useful purpose. There is no new evidence to be considered. The overwhelming evidence on the record shows, and the ALJ's opinion recognizes, that the plaintiff cannot return to his past relevant work, but must transfer his skills to sedentary work of the same type. The uncontroverted testimony of the vocational expert is that this requires substantial changes in work setting and industry. As Mr. Piechucki is of advanced age the Secretary must apply 20 C.F.R. § 201.00, which yields a conclusion of disabled in this instance. Therefore, once it is determined that Mr. Piechucki cannot return to his old work and he must change industries and work settings, the finding of disability is inevitable. Remand would add nothing to the record nor alter the outcome, and would only cause delay. *Parker v. Harris*, 626 F.2d 225 (2d Cir. 1980).

### III.

The Court concludes that the ALJ erred in his evaluation of the evidence and application of the Regulations. Correctly applied, the Regulations deem Mr. Piechucki disabled. Accordingly, the plaintiff's motion for judgment on the pleadings is granted. Rule 12(c), Fed.R.Civ.P. The decision of the Secretary denying disability benefits is reversed.

The Clerk of the Court is hereby directed to enter judgment in favor of the plaintiff, awarding disability benefits commencing May 27, 1983.

SO ORDERED.