**Helen HIERMANN, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

No. 85 CIV. 3196 (SWK).

United States District Court,
S.D. New York.

July 29, 1987.

BLS Legal Services Corp., Senior Citizen Law Office, New York City by Marc Finkelstein, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., for the S.D.N.Y., New York City by Diogenes P. Kekatos, Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

In this action brought pursuant to 42 U.S.C. § 405(g) (1982), plaintiff Helen Hiermann seeks review of the final determination of defendant Secretary of Health and Human Services denying plaintiff's application of Supplemental Security Income disability benefits. Both parties have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

This action was referred to United States Magistrate Leonard Bernikow for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). Magistrate Bernikow recommends that the Secretary's decision be reversed and the case remanded for calculation and payment of benefits. The Magistrate concluded that the Secretary did not apply the correct legal principle nor was his determination supported by substantial evidence. In objecting to the Magistrate's recommendation, the Secretary asserts that, contrary to the law of this Circuit, the Magistrate assumed the role of fact-finder and conducted a *de novo* evaluation of the evidence. *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980). In reviewing the Magistrate's report and the Secretary's objection, this court will determine whether the Secretary's decision was supported by substantial evidence and free from legal error.

*DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 931 (2d 1984).

### Facts

Helen Hiermann, a 63 year old woman, is a native of Hungary who first came to the United States in 1968 (Tr. 42, 44). She completed 14 years of education in Hungary, including two years of business school (Tr. 43, 86), but has only a limited knowledge of the English language (Tr. 44). Since her arrival in the United States, plaintiff was continuously employed as a housekeeper until December 1982 (Tr. 45, 46). Plaintiff states that she stopped working because of her high blood pressure, heart trouble, shortness of breath, and "terrible pain all the time" (Tr. 46).

Plaintiff's treating physician, Dr. Van der Heide, reported that plaintiff suffers from a history of severe hypertension, angina pectoris, atherosclerotic heart disease, cervical spondylosis, osteoarthritis of the lumbar spine, and shortness of breath on exertion (Tr. 189, 192). He also characterized plaintiff as enduring "crippling arthritis", with "severe neck, elbow, back and hip pains [that are] unremitting and unrelieved by ... medication" (Tr. 192). Because of her chronic distress, Dr. Van der Heide concluded that plaintiff was unable to work or be gainfully employed (Tr. 190, 192, 201).

Plaintiff's other treating physician, Dr. Altman, appears to have treated plaintiff in connection with her visits to the cardiac clinic at Metropolitan Hospital (Tr. 121, 140–141).[1] In an abstract of plaintiff's medical records from Metropolitan Hospital, Dr. Altman diagnosed plaintiff as suffering from hypertension, atheriosclerotic heart disease with angina pectoris, degenerative joint disease—specifically, cervical and lumbo-sacral sponylexarthrosis—and frequent headaches and dizziness caused

---

1. The Secretary did not, in his moving papers, recognize Dr. Altman as a treating physician, or indeed mention his name at all. Dr. Van der Heide is the only person described as plaintiff's treating physician. *See* Defendant's Memorandum of Law at 6. The Secretary does, however, refer to medical records from Metropolitan Hospital, *id.* at 3, and some of the pages in those records are signed by or refer to Dr. Altman.

*See* Tr. 121, 125, 140, 141, 172. Dr. Altman is also mentioned as the diagnosing physician in the abstract of plaintiff's Metropolitan Hospital medical records (Tr. 191). As plaintiff designates Dr. Altman as a physician who has seen her at least once a month for several years, Plaintiff's Memorandum of law at 9, this Court reviews his comments under the treating physician standard. *See* Magistrate's Report at 28.

by hypertension (Tr. 191). Dr. Altman also concluded that plaintiff is "not employable". *Id.*

Three physicians from the Social Security Administration also consultatively examined and diagnosed plaintiff. In Dr. Chowdhary's report (Tr. 148–154), plaintiff was diagnosed as suffering from hypertrophic spondylitis of the lumbo-sacral spine, hypertensive cardiovascular disease with slight heart enlargement, chest pain typically associated with angina pectoris, and shortness of breath, probably related to cardiac problems (Tr. 150–152). Dr. Edward's report (Tr. 157–160), concluded that plaintiff is markedly obese and suffering from degenerative arthritis, a long history of hypertensive vascular disease, and chest pain that is "not classically coronary in origin" (Tr. 158). Lastly, Dr. Antoine diagnosed plaintiff as suffering from hypertension and obesity. He also noted plaintiff's history of chest pains, and her admission to Metropolitan Hospital for those symptoms in the six months preceding his examination (Tr. 163–164).

Two non-examining review physicians from the Office of Disability Determinations also submitted reports about plaintiff's condition. The first report consisted of a residual functional capacity questionnaire in which plaintiff's exertional abilities, although limited, were found to include the capacity to lift twenty pounds, carry ten pounds, stand and sit for six hours in an eight-hour day, and occasionally climb, balance, stoop, kneel, crouch and crawl (Tr. 161). Plaintiff was found to have no limitations on her abilities to push, pull, and manipulate items with her hands. The other report from a non-examining physician concluded from a review of other medical reports that plaintiff's recent foot surgery would not incapacitate her for more than a year, and that plaintiff suffers from angina that does not meet the severity required under the Secretary's listing of impairments (Tr. 165).

*Discussion*

Under the Social Security Act, every individual who is under a "disability" is entitled to disability insurance benefits. 42 U.S.C. § 423(a)(1). *See also Johnson v. Bowen,* 817 F.2d 983, 985 (2d Cir.1987). In assessing plaintiff's disability claims the Secretary's fact-finder, the Administrative Law Judge ("ALJ"), must consider the following in sequence:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 416.920(b));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 416.920(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 416.920(f)).[2]

In his decision, the ALJ found that plaintiff:

1. was not engaged in substantial gainful activity since January 1983 (Tr. 11);

2. complained of high blood pressure and a foot problem (Tr. 8);

3. did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 which would automatically classify plaintiff as disabled (Tr. 11); and

**2.** The claimant bears the burden of proof as to the first four steps while the Secretary must prove the final one. *Berry v. Schweiker,* 675 F.2d 464, 467 (1982).

4. retained the residual functional capacity to perform her past work as a housekeeper (Tr. 11).

Accordingly, the ALJ found it unnecessary to refer to the fifth section, the medical-vocational guideline ("the Grid"), to determine whether a person of claimant's age, education, physical abilities and limitations, and past work experience, can still perform some less demanding but substantial gainful activity. *See Heckler v. Campbell,* 461 U.S. 458, 460–61, 103 S.Ct. 1952, 1953–54, 76 L.Ed.2d 66 (1983); *Ferraris v. Heckler,* 728 F.2d 582, 584–85 (2d Cir.1984).

■ By determining that plaintiff could perform her past work as a housekeeper, the ALJ rejected the opinions of plaintiff's treating physician, who concluded that she has a "severe disability" and that "with her level of chronic distress, is unable to work or be gainfully employed." (Tr. 189, 190, 191, 192, 201). The ALJ's decision is contrary to the established law of this Circuit, namely the treating physician rule, which states that a treating physician's opinion is binding on the fact finder unless contradicted by substantial evidence. *Schisler v. Heckler,* 787 F.2d 76, 81 (2d Cir.1986).

Three consulting physicians concurred with the diagnoses of plaintiff's treating physicians to the extent that they addressed plaintiff's specific complaints and as such they did not provide substantial contradictory evidence. (Tr. 150, 152, 158, 163, 164). Only the non-examining physicians provided support for the ALJ's conclusions that plaintiff was still capable of performing light work (Tr. 161). The opinions of the non-examining physicians, however, "cannot in themselves constitute substantial evidence overruling the opinions of examining physicians." *Havas v. Bowen,* 804 F.2d 783, 786 (2d Cir.1986). Thus, by giving greater weight to the non-examining physicians' opinions, the ALJ ignored the treating physician rule of this Circuit.[3]

■ Even if the ALJ applied the correct legal principle in accepting the non-examining physicians' opinions that plaintiff is still capable of performing light work (Tr. 11), there is no substantial evidence in the record that plaintiff would be capable of resuming her duties as a housekeeper. The ALJ had a duty to inquire into the nature and extent of physical exertion required by plaintiff's previous job before concluding that plaintiff is capable of resuming that occupation. *Donato v. Secretary of Dept. of Health,* 721 F.2d 414, 419 (2d Cir.1983). In her own characterization of her former work, plaintiff specified that she was required to walk four hours a day, stand six hours a day, and bend constantly (Tr. 194). The non-examining physician who concluded that plaintiff was still capable of light work found that plaintiff was capable of no more than occasional stooping, kneeling, or crawling (Tr. 161). Furthermore, it is inappropriate to conclude that plaintiff is capable of resuming her occupation as a housekeeper, a job that often requires the use of both hands as well as the carrying or pulling of equipment, when she is only able to walk with a cane (Tr. 18). Therefore, for these reasons, plaintiff has satisfied her burden of proof that her physical impairments are "sufficiently severe to preclude [her] return to [her] prior employment," and as such, she has established a prima facie showing of disability. *Decker v. Harris,* 647 F.2d 291, 293–94 (2d Cir.1981); *Parker,* 626 F.2d at 231.

■ At this point, the ALJ should have applied the medical-vocational guidelines ("the Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2. Even assuming that plaintiff has a residual functional capacity to perform light work, application of the Grid directs a finding of "disabled" for individuals like plaintiff, who are of advanced age, have unskilled work experience, and have limited knowledge of the English language. *See* Appendix 2, Rule 202.04. Accordingly, there is no reason to remand this matter for a routine application of the Grid to reach a finding that the plaintiff is disabled. *See Parker,* 626 F.2d at 235 (no

---

3. "... the adjudicators—who decide these disability claims—must live in an administrative 'never-never' land because they appear never to have heard of the treating physician rule." *Hidalgo v. Bowen,* 822 F.2d 294, 299 (2d Cir.1987).

need to remand to Secretary of Health and Human Services when record contains persuasive proof of disability and remand would serve no evidentiary purpose); *Piechucki v. Heckler*, 613 F.Supp. 45, 48 (E.D. N.Y.1985) (court need not remand when application of the Grid would inevitably result in an award of disability benefits).

Thus, for the reasons stated above, this court concurs with the Magistrate's recommendation and, hereby, concludes that the Secretary's decision should be reversed and the case remanded for the calculation and payment of benefits.

SO ORDERED.