Frederick H. PETERSON, Appellant,

v.

John GARDNER, Secretary of the Department of Health, Education and Welfare, Appellee.

No. 286, Docket 31794.

United States Court of Appeals Second Circuit.

Submitted Jan. 17, 1968.

Decided March 13, 1968.

Donald L. Cooney, New York City, for appellant.

Thomas A. Kennelly, Acting U. S. Atty., Gerald M. Gallivan in and for the Western District of New York, Buffalo, N. Y., for appellee.

Before LUMBARD, Chief Judge, WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

Frederick Peterson appeals from an order granting summary judgment for defendant in an action to review a decision of the Secretary of Health, Education and Welfare, brought in the Western District of New York pursuant to 42 U.S.C. § 405(g). We affirm.

Plaintiff's applications for a finding of disability and disability insurance benefits under the provisions of Sections 216 (i) and 223, respectively, of the Social Security Act, 42 U.S.C. §§ 416(i), 423, filed on June 15, 1962 and January 21, 1964 were both denied. After a hearing, the Hearing Examiner, on February 25, 1966, found that Peterson had been disabled from June 10, 1950 to the date of decision, and awarded the benefits for which he had applied. On its own motion, the Appeals Council reviewed and reversed the decision of the Hearing Examiner, finding that Peterson was not disabled. Plaintiff then brought this action to review the Appeals Council's decision.

It is conceded that in order to qualify for disability insurance benefits plaintiff must establish that he was under a disability beginning on or before March 31, 1957. The sole question on appeal is whether or not he was disabled on that date.

The only evidence supporting plaintiff's claim of disability is his own testimony. While he claims his disability arose from emphysema, this condition was not diagnosed during periods of hospitalization in 1950, 1951 and 1952, and he did not seek medical care again until 1960. The Secretary is not bound to accept plaintiff's self-serving testimony that he was unable to work in March 1957. Palmer v. Celebrezze, 334 F.2d 306 (3d Cir. 1964). To support his testimony Peterson submitted a doctor's report that his emphysema is progressive and that its onset was prior to 1950. However, his doctor conceded that he could only guess at the degree of plaintiff's disability in 1957, since at that time plaintiff was not under his care.

Aside from Peterson's own testimony, the only support in the record for his claim is the decision of the hearing examiner. While the examiner's finding has some probative force, see Universal Camera Corp. v. NLRB, 340 U.S. 474, 492–497 (1950), in light of Social Security Administration Regulations No. 4, section 404.1513(c), the Appeals Council

could properly refuse to find a disability in the absence of any objective medical evidence of plaintiff's respiratory capacity at the time of the claimed disability. See Kerner v. Celebrezze, 340 F.2d 736, 740 (2d Cir. 1965); cert. denied, 382 U.S. 861 (1965); Adams v. Flemming, 276 F.2d 901 (2d Cir. 1960).

Affirmed.