**Virginia M. RASCOE, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**No. 77 Civ. 1591 (C.B.M.).**

United States District Court,
S. D. New York.

Dec. 6, 1978.

Virginia M. Rascoe, pro se.

Robert B. Fiske, Jr., U. S. Atty. by Carl T. Solberg, Asst. U. S. Atty., Borge Varmer, Regional Atty., Region II, Dept. of Health, Ed. and Welfare, Steven E. Obus, Asst. Regional Atty., New York City, for defendant.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

Virginia M. Rascoe (plaintiff) brings this action to challenge the decision of the Secretary of Health, Education and Welfare (HEW) which denied her application for Supplemental Security Income. Plaintiff brings this action pro se, and did not have any legal representation at any point in her administrative proceedings.

■ This court has jurisdiction of the action under 42 U.S.C. § 405(g) which provides, in pertinent part, that this Court:

> ". . . shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing."

Defendant has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). After examining the record in this case and reviewing the applicable law, this court finds that the decision of the Secretary was supported by substantial evidence, and that the Administrative Law Judge (ALJ) adequately took into account the facts favorable to plaintiff's claim, as is his duty when plaintiff is not represented by counsel. *Gold v. Secretary of HEW*, 463 F.2d 38, 43 (2nd Cir. 1972). Therefore, defendant's motion for judgment on the pleadings is granted.

*Prior Proceedings*

Plaintiff filed an application for disability insurance benefits and Supplemental Security Income benefits on June 30, 1975, alleging that she became unable to work on August 31, 1974. Both applications were denied initially on the ground that plaintiff was not under a disability. Upon reconsideration, the Bureau of Disability Insurance of the Social Security Administration reached the same result on the basis of an independent review by a physician and a disability examiner. Plaintiff requested a hearing to review that decision and on July 8, 1976, a hearing was held before an ALJ, who considered the case *de novo*. Plaintiff appeared and testified at the hearing, as did a vocational expert. The ALJ found that the plaintiff was not under a disability, and his decision, dated July 22, 1976, became the final decision of the Secretary when the Appeals Council approved the decision on December 7, 1976.

1. "Tr." refers to the transcript of the administrative record before the Social Security Administration, a certified copy of which was filed

*Questions Presented*

For entitlement to disability benefits under 42 U.S.C. §§ 416(i) and 423, it is necessary that the claimant meet a special earnings requirement. It is not disputed that plaintiff has met this requirement, (Tr. 8)[1], but it is disputed whether plaintiff was under a disability on the date of or prior to the decision of the ALJ. Section 423(d)(1) of the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Section 423(d)(2)(A) further provides that "an individual . . . shall be determined to be under a disability only if his physical or mental impairment . . . are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." Section 423(d)(3) further states "For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

In light of the above provisions, the specific questions before the ALJ were whether the plaintiff was under a "disability" as defined in Sections 423(d)(1) and 1614(a)(3) of the Act; and if so, when such "disability" commenced and the duration thereof.

■ Judicial review of the Secretary's decision is limited to a determination of whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g).

as part of the Secretary's answer to the complaint pursuant to 42 U.S.C. § 405(g).

*Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Secretary's findings of fact, as well as the inferences and conclusions to be drawn from those findings, are conclusive. It is not for this court to pass upon the facts before the Secretary, but only to determine whether the hearing provided the plaintiff was full and fair, and whether the conclusion of the Secretary was based on substantial evidence looking at the record as a whole. *Franklin v. Secretary of HEW*, 393 F.2d 640 (2nd Cir. 1968).

### Facts

Plaintiff is a single, 60 year old woman, born in North Carolina on October 25, 1918. She acquired a tenth-grade education and some vocational training in the use of hotel business machines, although she has never used this skill. She has worked as a laundress, a domestic laborer, and packer of pickles. For some twelve years before the alleged onset of disability, plaintiff was employed marking and sorting laundry. She also operated a heat-sealing machine for some seven years.

In 1967 or 1968, plaintiff was mugged, during the course of which her arm was twisted, and she was knocked on the ground. She states that she has had intermittent back pain since that time. This condition improved but she reinjured her back in 1969 when she suffered whiplash injury in an auto accident. Plaintiff continued to work, although on occasion, she said, the driver or her boss had to pack the laundry because she could not bend.

In 1968 or 1969 plaintiff began to suffer from peptic ulcer disease. No operative procedure was taken, and the disease was controlled by medication. Plaintiff stopped working in August, 1974, due to her ulcer condition, arthritis, and anxiety neurosis. She returned to work in 1975 for two weeks without her doctor's permission. She noted deteriorating eyesight which caused her to mismark laundry. She stopped working after suffering an ulcer attack while on the way to work.

### Evidence before the ALJ

The evidence before the ALJ, in addition to the testimony of the plaintiff incorporated into the statement of facts above, consists of the following medical evidence:

A report dated November 17, 1975 from the Jerome Health Center, where plaintiff regularly consulted Dr. Ernest R. Buffone beginning December 9, 1974, indicated that plaintiff was treated for peptic ulcer and scoliosis of the lumbar spine. A later report dated January 12, 1976 added anxiety to plaintiff's diagnosis, and noted that Dr. Buffone's conclusion that plaintiff has a 15 to 20 per cent limitation due to her spinal condition, no neurological deficit, and is "unemployable."

A medical report regarding plaintiff's eye difficulties dated August 8, 1975, indicates, based on a physical examination, a diagnosis of blepharospasm (inflammation of the eyelids), and notes that the plaintiff's vision is correctable to 20/30 in one eye and 20/25 in the other.

Dr. Richard Woronoff, an internist appointed by the Board, examined plaintiff on August 25, 1975. Dr. Woronoff's examination found plaintiff in no acute or chronic distress, and not agitated or unduly anxious, despite her report that she gets nervous easily and takes tranquilizers. Examination of the neck, lungs, heart, abdomen and limbs revealed no abnormalities. Significantly, Dr. Woronoff found no tenderness of the right arm, no limitation of movement of any joints of the right arm, and no soft or bony tissue swelling and no limitation of movement of the fingers or toes.

A contemporaneous X–ray by Dr. Milton Zurrow of the right hand (including fingers), limbo-sacral spine, and the right foot (including toes) revealed no abnormality.

Dr. Woronoff diagnosed systemic hypertension, peptic ulcer disease, glaucoma, arthralgias of fingers and toes, myalgias of right arm, and chest pain probably secondary to hiatus hernia with reflex esophagitis. He found that plaintiff's residual capabilities were essentially intact.

The ALJ also received testimony from a vocational expert, Mr. Bernard Shulinder. Mr. Shulinder testified to the availability of jobs that plaintiff would be able to perform considering her age, educational background, experience and disabilities, as posited by the ALJ. Mr. Shulinder testified that, assuming good use of plaintiff's upper extremities, her ability to alternately sit or stand for an eight-hour period, no need for rest during any work day, but taking into account a history of peptic ulcer, eye condition, some scoliosis of the lumbar spine and anxiety, there were several thousand jobs available for a person in plaintiff's situation in the New York City area. Mr. Shulinder also testified that if all of plaintiff's complaints were found to be true by the ALJ, there would be no employment opportunities for plaintiff in the New York City area. The ALJ found (Tr. 11, 12):

"4. The claimant has a medical history of peptic ulcer diseases, glaucoma, blepharospasm, and hypertension which have not been demonstrated to be of such severity as to have prevented the claimant from engaging in substantial gainful activity.

. . .

5. The medical evidence fails to establish that the claimant has any condition of anxiety, arthritis, pain in the right arm, fingers, and toes, or insomnia which have been demonstrated to be of such severity as to prevent her from engaging in substantial gainful activity. . . .

6. After observing the claimant and listening to her testify, the ALJ is not convinced that the pain alleged prevents her from engaging in substantial gainful activity. . . .

7. The claimant has the residual functional capacity to perform those sedentary jobs set forth by the vocational expert."

## Discussion

In a case where a claimant is unassisted by counsel or by a lay representative at the hearing before the ALJ, the ALJ has a duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Gold v. Secretary of HEW, supra,* at 43. This duty is placed on the ALJ because hearings before him are not adversary proceedings and the ALJ must carry out the beneficent purposes of the Act. *Richardson v. Perales, supra, Floyd v. Finch,* 441 F.2d 73, 76–78 (2nd Cir. 1971). This rule has been interpreted to require that, where a claimant is unrepresented by counsel, the ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Rosa v. Weinberger,* 381 F.Supp. 377, 381 (E.D.N.Y.1974), and cases cited therein.

After examining the record and the medical evidence this court finds that the conclusion of the ALJ was supported by substantial evidence. *Richardson v. Perales, supra.* It appears that the medical testimony presented by the plaintiff, as well as the medical testimony presented by the board-certified intern failed to show that the plaintiff was under a disability within the meaning of the Act. The ALJ was presented with a statement from plaintiff's treating physician in which he opined that plaintiff was unemployable (Exhibit 15). However, this statement was based on minimal clinical data, and failed to state the basis of the doctor's conclusion.

It is within the power of this court to remand this case to the Secretary for further hearings and for the taking of additional evidence. 42 U.S.C. § 405(g). The Second Circuit has indicated that even when the Secretary's determinations are "technically supported by substantial. evidence", courts may remand ". . . where relevant, probative, and available evidence was either not before the Secretary or was not explicitly weighed and considered by him, although such consideration was necessary to a just determination of a claimant's application." *Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2nd Cir. 1975). If there were no additional facts in this case, it would seem that a remand for the taking of evidence from Dr. Buffone, plaintiff's

treating physician who made the statement that she was unemployable, would be warranted. However, after making a "searching investigation" of the record, as is the duty of the court in a case in which the claimant is handicapped by lack of counsel, this court is convinced that any testimony elicited from Dr. Buffone would be repetitive of the medical data already in the record. *Miracle v. Celebrezze*, 351 F.2d 361, 382–83 (6th Cir. 1965), *Gold v. Secretary of HEW, supra,* at 43. Dr. Buffone's diagnosis was no different in substance from the diagnosis of Doctors Woronoff and Zurrow, and of at least one other doctor at the Jerome Health Center who examined the plaintiff.[2] The only essentials in which Dr. Buffone's report differs from the reports of Doctors Woronoff and Zurrow is in the conclusion drawn from the diagnosis, and the completeness of the stated basis for the conclusion. The reports of Doctors Woronoff and Zurrow are substantially more complete and include the diagnosis of ailments not included in Dr. Buffone's report. Even with the diagnosis of these additional ailments, Dr. Woronoff indicated his belief that plaintiff was not unemployable.

■ Because of the failure of Dr. Buffone's report to indicate any drastic difference in diagnosis from the report of Dr. Woronoff, and considering the completeness of Dr. Woronoff's report and the thorough investigation of each of the ailments asserted by plaintiff by the ALJ during plaintiff's hearing, the decision of the ALJ must be allowed to stand. If Dr. Buffone had asserted diagnosis differing from those of Doctors Woronoff and Zurrow, the court would consider remanding the case for further evidence regarding the basis of the differing diagnosis. However, in light of the evidence in the record, the decision of the Secretary that the plaintiff was not disabled is based on substantial evidence, and in his role as factfinder, the decision must be upheld even if there is substantial evidence for the plaintiff's position. *How-*

*ard v. Weinberger,* 489 F.2d 216 (5th Cir. 1975).

■ In cases of conflicting medical opinion, the assertion by a medical expert that a claimant is unable to engage in any substantial gainful employment is admissable evidence for consideration by the ALJ but not binding on him when controverted by other evidence. 20 C.F.R. § 404.1526, *Teeter v. Flemming,* 270 F.2d 871 (7th Cir. 1959), *Rodriguez v. Celebrezze,* 349 F.2d 494 (1st Cir. 1965).

The ALJ found the reports of Doctors Woronoff, Zurrow and Buffone to be substantially similar, and decided on the basis of his own impressions of the plaintiff's conduct during the hearing and on the expert opinion of Doctors Woronoff and Zurrow that plaintiff was not under a disability as defined in the Act. In light of plaintiff's age, work experience and educational background, and relying on the vocational testimony of Mr. Shulinder, the ALJ found that plaintiff could perform substantial gainful activity, and that there were positions available in the New York area for a person with plaintiff's background and physical ailments. This analysis comports with that set forth in *Gold v. Secretary of HEW, supra,* at 41 n.2.

■ Plaintiff's assertions of pain and inability to work may be taken into account by the ALJ, but since complaints of pain naturally come from the suffering party, the ALJ is not bound by such self-serving statements. *Peterson v. Gardner,* 391 F.2d 208 (2d Cir. 1968). This is not to say that the ALJ found that plaintiff suffered no pain at all but that "her own estimation of her incapacitation is not supported by the evidence." (Tr. 10). The ALJ's resolution of the evidence in favor of finding that plaintiff suffered no disability is supported by the record as a whole. *Franklin v. Secretary of HEW, supra.* Therefore, defendant's motion for judgment on the pleadings is granted.

---

**2.** This doctor's report in Exhibit 13 of the record states that plaintiff is suffering from chronic duodenal ulcer, blepharospasm, and anxiety

neurosis and is being followed in the clinic. The report is undated and the signature of the doctor is illegible.