Joseph D. WHITE, Plaintiff–Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.

No. 1098, Docket 89–6285.

United States Court of Appeals, Second Circuit.

Argued March 30, 1990.

Decided Aug. 1, 1990.

John A. Galeziowski, Hamburg, N.Y., for plaintiff-appellant.

Jacqueline F. Rayfield, Office of the General Counsel, U.S. Dept. of Health and Human Services (Dennis C. Vacco, U.S. Atty., Western District of New York, Michael J. Astrue, Annette H. Blum, Buffalo, N.Y., of counsel), for defendant-appellee.

Before OAKES, Chief Judge, WINTER, Circuit Judge, and PATTERSON, District Judge.[1]

OAKES, Chief Judge:

Joseph D. White appeals an October 26, 1989, judgment of the United States District Court for the Western District of New York, John T. Elfvin, Judge, dismissing his complaint and affirming the decision of the Secretary of Health and Human Services ("the Secretary") that found he was not disabled and therefore not entitled to Social Security disability insurance benefits pursuant to 42 U.S.C. § 423 (1982 & Supp. V 1987). Concluding that the district court erred in finding that substantial evidence supported the Secretary's decision, we vacate its judgment and remand the matter to the Secretary for further consideration of the medical evidence.

White initially filed an application for Social Security disability benefits on July 29, 1986. Having worked as a millwright for 23 years for the Republic Steel Corporation, White was 50 years old when he filed his application. In 1976, he had undergone surgery to correct a congenital abnormality known as bilateral pars defect, a spinal disorder. Although he continued to work until 1981, when he was laid off due to the closing of his plant, White received treatment for the nine years following his 1976 operation for ruptured discs, constant pain in his lower back and extremities, chronic lumbar instability, degenera-

---

1. Of the Southern District of New York, sitting by designation.

tive osteoarthritis, and possible spinal stenosis. He alleged that he became disabled in January 1985 due to a back impairment perhaps resulting from the removal of a herniated lumbar disc.

In denying White's application for benefits initially and on reconsideration, the Social Security Administration stated, based on its review of the medical evidence, that White was capable of performing medium work. Following White's request for a hearing, an administrative law judge ("ALJ") on August 28, 1987, found that he retained the residual functional capacity to perform a full range of light work and therefore was not disabled. The ALJ's decision became the final decision of the Secretary on February 5, 1988.

White initiated this action seeking review of the Secretary's decision on February 24, 1988. Thereafter, United States Magistrate Edmund F. Maxwell, to whom this case had been referred, filed a report recommending reversal of the Secretary's decision. The district court, however, rejected the magistrate's report, finding instead that the decision of the Secretary was supported by substantial evidence, and dismissed White's complaint. The district court concluded that the Secretary's finding that White retained the residual functional capacity to perform light work was supported by the report of White's treating physician, Dr. James Matthews. We disagree. Because we find Dr. Matthews' report to be inconclusive as to White's ability to perform light work, and because the Secretary failed to articulate the basis for the findings as to White's residual functional capacity, we vacate the judgment of the district court and remand the matter to the Secretary for more detailed and complete consideration of the medical record.

## DISCUSSION

A claimant is considered disabled under the Social Security Act if he can demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" that can be expected to result in death or to last at least twelve months.

42 U.S.C. § 423(d)(1)(A). The claimant's physical or mental impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Here, White satisfied his initial burden of proving that his impairment prevents him from returning to his past work. Both the record and the ALJ's finding that White "is unable to perform his past relevant work as a millwright" because of the heavy exertional demands involved in such work support this conclusion. Therefore, the burden shifts to the Secretary to prove, with specific reference to the medical evidence, that White can perform alternative substantial gainful employment that exists in the national economy. *See Bluvband v. Heckler*, 730 F.2d 886, 891 (2d Cir.1984); *Ferraris v. Heckler*, 728 F.2d 582, 586–88 (2d Cir.1984).

Although the ALJ concluded that White "still has a residual functional capacity to perform the physical exertional requirements of a full range of light work" and therefore is capable of alternative employment, he failed to set forth the medical evidence or basis for this determination. Although the failure to specify the basis for a conclusion as to residual functional capacity is reason enough to vacate a decision of the Secretary, *see, e.g., Ferraris*, 728 F.2d at 586–88, the district court nevertheless found that the May 13, 1987, report of Dr. Matthews, White's treating physician, provided substantial evidence in support of the Secretary's determination.

Even assuming the unlikely possibility that the ALJ's passing reference to Dr. Matthews' report on White's ability to perform work-related activities was intended to form the basis of the finding of White's residual functional capacity, we conclude that that report by no means indicates that White can perform a full range of light work. According to the Secretary's regulations, "light work" involves the lifting of no more than twenty pounds at a time, but often requires frequent lifting or carrying

of objects weighing up to ten pounds. *See* 20 C.F.R. § 404.1567(b) (1989). Moreover, a job in the category of "light work" requires "a good deal of walking or standing," or may involve sitting most of the time with some pushing and pulling of arm or leg controls. *See id.* To be considered capable of performing a full or wide range of light work, the claimant must have the ability to do "substantially all" of these activities. *See id.*

The district court presumably found that Dr. Matthews' report indicated White could perform light work on the basis of the report's conclusions that White's ability to stand or walk was not affected by his impairment, and that White could lift up to a maximum of 25 pounds occasionally and ten pounds frequently. However, in the same report, Dr. Matthews found that White could sit for up to only four hours in an eight-hour work day, and for only two to three hours without interruption. Dr. Matthews moreover concluded that White's impairment affected his ability to handle, push, and pull. These findings of Dr. Matthews have objective support in the medical record in that Dr. David Della Porta concluded that White has a "marked disc space narrowing at L5–S1 ... associated with considerable sclerotic changes of the contiguous vertebral end plates at that level as well as a moderate degree of anterior osteophytic spurring and a minimal degree of spondylolisthesis of the L5–S1 level." Given that sitting, handling, pushing, and pulling are included in the list of activities which a person deemed capable of light work should be able to perform, we think the district court erred in finding that Dr. Matthews' report supported the Secretary's determination. Because we have no statement from the Secretary or in the ALJ's decision stating any other basis upon which the determination of White's residual functional capacity was made, we conclude that the Secretary failed to meet its burden of proving other jobs in the national economy which claimant is capable of performing. However, given the inconclusive nature of Dr. Matthews' report and the other medical evidence in the record, we vacate the judgment of the district court and remand the matter to the Secretary for further consideration and perhaps amplification of the medical record.

Judgment vacated. Cause remanded.