**Filed 9/27/96**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GARY D. WELCH,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,*

      Defendant-Appellee.

No. 96-7017
(D.C. No. CV-95-53-B)
(E.D. Okla.)

---

ORDER AND JUDGMENT**

---

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Gary D. Welch appeals from a district court order affirming the decision of the Secretary to deny his application for social security benefits. The Secretary concluded that, despite a severe impairment caused by degenerative disc disease, plaintiff could perform sedentary jobs identified by a vocational expert and, accordingly, found him not disabled at step five of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). We examine the record as a whole to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). The scope of our review, however, is delimited by the issues properly preserved and presented by the claimant. See Murrell v. Shalala, 43 F.3d 1388, 1389-90 (10th Cir. 1994); Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). For the reasons stated below, we affirm.

Plaintiff raises three issues for review. First, he contends his due process rights were violated when the ALJ solicited and considered a post-hearing

medical report without the benefit of live cross-examination thereon. Proper

evaluation of this claim requires consideration of the surrounding context.

Sometime after the evidentiary hearing, the ALJ concluded "that further

information relative to [plaintiff's] impairment would be desirable," and

scheduled a consultation examination with a specialist. Appellant's Appendix

(App.) II at 175. The ALJ sent plaintiff a copy of Dr. McGovern's resulting

report, with a cover letter explaining plaintiff's attendant procedural rights:

> If you wish to submit (1) written comments concerning the
> evidence received, (2) a brief or written statement as to the facts and
> law in the case, or (3) additional evidence not previously supplied, I
> will carefully consider the material. You have the right to examine
> the author of the evidence. If you want to have the author answer
> questions, please submit the questions to me in writing. If you want
> to obtain oral testimony from the author in a supplemental hearing,
> you must submit a statement indicating the relevance of the
> information and why the information cannot be obtained through
> written questions. A request to obtain oral testimony of the author
> will be granted only when you establish it is necessary for the full
> presentation of this case.

Id. at 183. In response, plaintiff's counsel elected to "provide . . . comments

relative to Dr. McGovern's report and a statement of the case," consisting of three

pages of close legal and factual argument. Id. at 184-86. Counsel neither

requested a supplemental hearing for purposes of cross-examination nor objected

to the conditions the ALJ had imposed on such a request.

In light of these circumstances, we need not decide today the scope and

(un)conditionality of a claimant's due process rights with respect to post-hearing

evidence. Plaintiff was represented by counsel who, without objection, passed over the supplemental hearing option (with its inherent risk of unfavorable testimony) in favor of the controlled adversarial critique available through legal briefing. Accordingly, we deem plaintiff's due process objection waived. See Glass v. Shalala, 43 F.3d 1392, 1396-97 (10th Cir. 1994).

Plaintiff also contends the ALJ erred in his assessment of the evidence relating to his allegations of pain. Contrary to plaintiff's contentions, however, the ALJ specifically invoked the analytical framework for pain allegations set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987), adequately discussed the record evidence pertinent thereto, and reasonably concluded that plaintiff's testimony regarding chronic, debilitating pain was not credible. See App. II at 15-16. We therefore will not second-guess that determination. See generally Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991).

Finally, we consider two objections to the expert vocational testimony elicited by the ALJ and plaintiff's former counsel. First, plaintiff contends the hypothetical questions posed to the expert did not include, as required, "all (and only) those impairments borne out by the evidentiary record." Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995). Plaintiff maintains that, in addition to the sit/stand limitation on sedentary work properly accounted for, see App. II at 209-10, the questions should have included broader limitations on sitting,

standing, and walking reported by Dr. Houghton, a treating physician who considered plaintiff "totally, permanently disabled from performing compensable employment." Id. at 174. More specifically, on a form provided by counsel, Dr. Houghton described plaintiff's restrictions for each of the cited activities by checking "occasionally," which was defined in the form's endnotes as "occurring from very little up to one-third of the time." Id. at 172, 174 (citing Soc. Sec. Rul. 83-10 for definition). Thus, Dr. Houghton appears to have concluded that plaintiff could not perform the extended sitting--approximately six hours of an eight-hour shift--that is a basic requirement of the sedentary workday.[1] See Ragland v. Shalala, 992 F.2d 1056, 1058 (10th Cir. 1993).

The ALJ acknowledged Dr. Houghton's opinion regarding plaintiff's disability, but relied instead on Dr. McGovern's consultative evaluation, see App. II at 16, which found plaintiff capable of sitting for a full eight-hour workday (given a periodic sit/stand option) and concluded that "[a] sedentary occupation should be easily performed for a 200 pound claimant who appeared to be in good health," id. at 179, 180. Plaintiff argues the ALJ thereby violated the familiar rule requiring deference to a treating physician's opinion absent specific,

---

[1]     The limitations on standing and walking noted by Dr. Houghton need not concern us, as "occasional" performance of these activities is precisely what sedentary work requires. See 20 C.F.R. §§ 404.1567, 416.967 ("Jobs are sedentary if walking and standing are required occasionally . . .").

legitimate grounds for rejection.  See generally Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995).  We disagree.  The ALJ's  decision expressly notes a direct and material inconsistency within Dr. Houghton's report.  See App. II at 16.  That is, contrary to the findings noted above, Dr. Houghton concluded his overall assessment of plaintiff's residual functional capacity by checking the box for "Sedentary Work" (and adding the handwritten qualification "maybe") and leaving the "Incapable of Sedentary Work" box blank.  Id. at 173.  Such internal inconsistency and/or inconclusiveness are proper grounds for discounting a treating physician's opinion.  See Knight v. Chater, 55 F.3d 309, 314 (7th Cir. 1995); White v. Secretary of Health & Human Servs., 910 F.2d 64, 65 (2d Cir. 1990); see also Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988)(citing inconsistency between earlier and later reports as reason, among others, for rejecting treating physician opinion).  We cannot say the ALJ erred in relying on the definitive contrary opinion expressed by Dr. McGovern.  See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)("Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.")(quotations omitted).

Plaintiff's second objection to the hypothetical questions asked of the vocational expert is that they did not expressly incorporate his age (thirty-nine)

-6-

and education (eleventh grade), and thus may have elicited inappropriate occupational examples. We agree with the Secretary that, given the expert's presence at the hearing, it was permissible to presume that his responses accounted for such background information already testified to by plaintiff. Cf. Gay v. Sullivan, 986 F.2d 1336, 1341 n.3 (10th Cir. 1993); Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). Further, plaintiff does not point to any specific evidence in the record to support his conclusory assertion that the moderate intellectual requirements of the jobs identified by the expert were beyond his capacity.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge