Donald **BLANDFORD**, Plaintiff,

v.

Kenneth S. **APFEL**, Commissioner of Social Security, Defendant.

No. 98–CV–1594.

United States District Court,
N.D. New York.

Oct. 4, 1999.

Hinman, Howard & Kattell, LLP, Binghamton, NY, Eugene D. Faughnan, of counsel, for Plaintiff.

Hon. Daniel J. French, United States Attorney, Northern District of New York, Syracuse, NY, William H. Pease, Assistant United States Attorney, of Counsel, for Defendant.

## MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

This matter is brought pursuant to §§ 205(g) & 1631(b)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) & 1383(c)(3), to review a final determination of the Commissioner of Social Security denying the plaintiff's claim for Social Security Disability benefits. The parties have filed their briefs, including the Administrative Record on Appeal, and the matter has been submitted for decision without oral argument.

## I. PROCEDURAL HISTORY

Plaintiff filed for Social Security Disability Insurance benefits on October 4, 1994. His application was denied initially and on reconsideration. On October 19, 1995 plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 22, 1996. The ALJ issued an unfavorable decision on December 23, 1996. The Appeals Council denied plaintiff's request for review on August 18, 1998, making the ALJ's decision the final decision of the Commissioner. Plaintiff then commenced the instant action on October 13, 1998.

## II. FACTS

The facts stated in plaintiff's brief are adopted with any exceptions as noted.

## III. CONTENTIONS

Plaintiff contends that the ALJ erroneously:

1. Failed to afford controlling weight to the opinion of a treating physician;

2. Improperly rejected his subjective complaints of pain and other symptoms; and

3. Utilized the medical/vocational guidelines.

## IV. DISCUSSION

### A. Standard of Review

A court's review of the Secretary's final decision is limited to determining whether there is substantial evidence in the record to support such decision. *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson*, 402 U.S. at 401, 91 S.Ct. 1420. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir.1988)(citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir.1983)). However, a reviewing court must not substitute its

interpretation of the administrative record so long as there exists substantial support for the decision in the record. *Williams,* 859 F.2d at 258.

 Additionally, the scope of review involves determining both whether the Commissioner has applied the correct legal standard and whether the determination is supported by substantial evidence. *Johnson v. Bowen,* 817 F.2d 983, 985 (2d Cir. 1987). Thus, where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards, even if the ultimate decision may be arguable supported by substantial evidence, the Commissioner's decision may not be affirmed. *Id.* at 986.

 The court has authority to reverse with or without remand. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Parker v. Harris,* 626 F.2d 225, 235 (2d Cir.1980); *Marcus v. Califano,* 615 F.2d 23 (2d Cir.1979)(remanded for reconsideration under standard that subjective evidence of disabling pain, if credited, may support a finding of disability); *Cutler v. Weinberger,* 516 F.2d 1282 (2d Cir.1975). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker,* 626 F.2d at 235; *Simmons v. United States R.R. Retirement Bd.,* 982 F.2d 49, 57 (2d Cir.1992); *Carroll v. Secretary of Health & Human Servs.,* 705 F.2d 638, 644 (2d Cir.1983)(reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years;

remand would likely result in further lengthening the "painfully slow process" of determining disability).

### B. Five–Step Disability Determination

The regulations mandate that the ALJ follow a five step evaluation process to determine whether an individual is disabled.[1] 20 C.F.R. §§ 404.1520, 416.920. Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity ("SGA"). §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, he will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in Appendix 1, Subpart P. §§ 404.1520(d), 416.920(d). If the impairment meets or equals a listed impairment, the claimant is presumptively disabled. *Ferraris v. Heckler,* 728 F.2d 582, 584 (2d Cir.1984). If the claimant is not presumptively disabled, at Step Four the ALJ must consider whether claimant's residual functional capacity ("RFC") precludes performance of their past relevant work. §§ 404.1520(e), 416.920(e). If the ALJ determines that the claimant cannot perform their past relevant work, then at Step Five, the ALJ determines whether the claimant can do any other work. §§ 404.1520(f), 416.920(f).

---

1. A claimant will be considered disabled if he demonstrates an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result‎ in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the claimant's [P]hysical or mental impairment or impairments [must be] of such severity that he is

not only unable to do his [past relevant] work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

■ The claimant has the burden of showing that they cannot perform past relevant work. *Ferraris,* 728 F.2d at 584. However, once the claimant meets that burden, benefits can only be denied by showing, by specific reference to medical evidence, that the claimant can perform some less demanding work. *See White v. Secretary of Health & Human Servs.,* 910 F.2d 64, 65 (2d Cir.1990); *Ferraris,* 728 F.2d at 584. In making this showing the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills to determine if the claimant can perform other work existing in the national economy. §§ 404.1520(f), 416.920(f); *see also New York v. Sullivan,* 906 F.2d 910, 913 (2d Cir.1990); *Ferraris,* 728 F.2d at 585 (four factors used to determine if claimant can perform other work: age, education, physical ability, and work experience)(citing 42 U.S.C. § 423(d)(2)(A)). The ALJ is also under a duty to fully develop the record, even if the claimant is represented by counsel. *See Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir.1999).

### 1. *Residual Functional Capacity Standard of Review*

RFC is what a claimant is capable of doing despite his or her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is determined by considering all relevant evidence, consisting of, inter alia, physical abilities, symptoms including pain, and descriptions, including that of the claimant, of limitations which go beyond symptoms. §§ 404.1545, 416.945. Age, education, past work experience, and transferability of skills are vocational factors to be considered. Physical abilities are determined by evaluation of exertional and nonexertional limitations in performing a certain category of work activity on a regular and continuing basis. *Id.; see also* §§ 404.1567, 404.1569a, 416,967, 416.969a.

■ Thus, to determine whether a claimant can do a certain category of work, the ALJ must determine plaintiff's strength limitations, or exertional capacity, which include the ability to sit, stand, walk, lift, carry, push and pull. §§ 404.1569a(a), 416.969a(a). Nonexertional limitations include "difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." §§ 404.1569a(c)(vi), 416.969a(c)(vi). RFC can only be established when there is substantial evidence of each physical requirement listed in the regulations. *LaPorta v. Bowen,* 737 F.Supp. 180, 183 (N.D.N.Y. 1990). In assessing RFC, the ALJ's findings must specify the functions plaintiff is capable of performing; conclusory statements regarding plaintiff's capacities are not sufficient. *Id.; Sullivan v. Secretary of Health & Human Servs.,* 666 F.Supp. 456, 460 (W.D.N.Y.1987); *Ferraris,* 728 F.2d at 588. The RFC is then used to determine particular types of work a claimant may be able to perform. §§ 404.1545(a), 416.945(a).

If the claimant can do work that exists in the national economy a finding of not disabled will be made. §§ 404.1566(b), 416.966(b). However, if a claimant can do work that does not exist in the national economy, a finding of disability will be made. *Id.* Jobs in the national economy are classified by their physical exertion requirements as "sedentary," "light", "medium," "heavy," and "very heavy." §§ 404.1567, 416.967. Sedentary work requires the ability to lift no more than ten pounds, to sit for extended periods of time, and to walk and stand occasionally. §§ 404.1567(a), 416.967(a). Light work requires ability to lift no more than twenty pounds, with lifting or carrying up to 10-pound objects frequently. §§ 404.1567(b), 416.967(b). A job falls into the light category "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls," although the weight lifted is small. *Id.* Furthermore, an individual who can do light work is considered able to do sedentary work, "unless there are additional limiting factors such as ... inability to sit for long periods of time." *Id.* "[W]ork exists in the

national economy when it exists in significant numbers either in the region where [the claimant] live[s] or in several other regions of the country." §§ 404.1566(a), 416.966(a). However, "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the claimant] live[s] are not considered" to exist in the national economy. §§ 404.1566(b), 416.966(b).

## C. Step Three—The Claimant's Impairment Does Not Meet or Equal a Listed Impairment

In the instant case, at Step One, the ALJ found that the plaintiff has not engaged in SGA since July of 1994. At Steps Two and Three, the ALJ found that plaintiff has severe polyarticular juvenile rheumatoid arthritis, but that such impairment does not meet or equal a listed impairment. At Step Four, the ALJ concluded that plaintiff is unable to perform his past relevant work as a computer operator. Finally, at Step Five, the ALJ determined that the plaintiff retains the residual functional capacity to perform light work, except that which would require "repetitive hand motion such as prolonged typing." (Tr. at 18.)

The plaintiff contends that his impairment meets the requirements of Section 1.02 in the Listing of Impairments: Active rheumatoid arthritis and other inflammatory arthritis. *See* 20 C.F.R. Part 404, Subpart P, App. 1. This section requires

A. History of persistent joint pain, swelling, and tenderness involving multiple major joints (see 1.00D) and with signs of joint inflammation (swelling and tenderness) on current physical examination despite prescribed therapy for at least 3 months, resulting in significant restriction of function of the affected joints, and clinical activity expected to last at least 12 months; *and* B. Corroboration of diagnosis at some point in time by either. (sic) 1. Positive serologic test for rheumatoid factor; or 2. Antinuclear antibodies; or 3. Elevated sedimentation rate; or 4. Characteristic histologic changes in biopsy of synovial membrane

or subcutaneous nodule (obtained independent of Social Security disability evaluation).

*Id.* § 1.02 (emphasis added). The plaintiff contends that, in determining that his impairment does not meet or equal a listed impairment, the ALJ failed to accord the proper weight to his treating physician's opinion.

### 1. Treating Physician Rule

The opinion of a treating physician is given controlling weight, under certain circumstances, in the belief that an ongoing relationship between doctor and patient yields a better evaluation than a one-time physical. *Schisler v. Sullivan,* 3 F.3d 563, 568 (2d Cir.1993); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, a treating physician's opinion will be given controlling weight only where it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence. §§ 404.1527(d)(2), 416.927(d)(2); *Rosa v. Callahan,* 168 F.3d 72, 78–79 (2d Cir.1999). If the opinion is not given controlling weight, the ALJ must give good reasons in his decision for the weight given to the treating source's opinion. §§ 404.1527(d)(2), 416.927(d)(2). Furthermore, the ALJ must consider various factors in determining the weight given to treating physician's opinions including the length of the treatment relationship, the frequency of examination by the treating physician for the condition in question, the specialization of the physician, the supportability and consistency of the opinion with the record as a whole, and any other relevant factors. § 404.1527(d)(2)-(6). "In analyzing a treating physician's report, 'the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'" *Rosa,* 168 F.3d at 79 (citations omitted). Failure to follow this standard is a failure to apply the proper legal standard and is grounds for reversal. *Johnson v. Bowen,* 817 F.2d at 986.

■ Plaintiff asserts that on June 17, 1996, in response to questions posed by plaintiff's attorney, Dr. Leslie Kerr, plaintiff's treating rheumatologist, confirmed that plaintiff's impairment meets the requirements of section 1.02. (Tr. at 194.) Plaintiff also relies upon Dr. Kerr's findings that plaintiff can only lift and carry up to five pounds, *Id.* at 203, occasionally climb and crawl, *Id.* at 205, his ability to reach, handle, and push/pull are affected by his impairment, *Id.* at 207, and plaintiff cannot type for a prolonged period of time. *Id.* at 208. However, substantial evidence supports the ALJ's findings the plaintiff's impairment does not meet or equal section 1.02 and Dr. Kerr's opinion to that effect is not entitled to controlling weight.

Dr. Kerr noted only mild synovitis of plaintiff's wrists and left ankle. *Id.* at 148, 157, 189. When last seen by Dr. Kerr on April 1, 1996, plaintiff exhibited no swelling about the wrists or synovitis in the lower extremities. *Id.* at 190. All of the doctors who examined plaintiff consistently noted that plaintiff had full range of motion. *Id.* at 150–54, 173, 187–88, 190, 195. Dr. Albert Kochersperger, a consulting orthopedist, examined plaintiff on November 18, 1994 and found that, in addition to normal range of motion, plaintiff had no swelling in the ankles. *Id.* at 173–74. Tinel's and Phalen's tests were negative on both hands. *Id.* at 173. Dr. Robert Bethje found that plaintiff could make a fist and touch his thumb to the tips of all of his fingers, and that Tinel's and Phalen's tests were negative. *Id.* 185. Thus, this medical evidence reveals that plaintiff does not suffer from "significant restriction of function of the affected joints," 20 C.F.R. Part 404, Subpart P, App. 1 § 1.02(A), and therefore, does not satisfy the requirements of the regulations.

Furthermore, assuming *arguendo* that subsection 1.02(A) was met in this case, there is no evidence that plaintiff satisfies subsection 1.02(B). Dr. Kerr reported twice that plaintiff's rheumatic factor was negative and his elevated sedimentation rate was normal. (Tr. at 149, 194.) In addition, the antinuclear antibodies test and biopsy test were both deemed not relevant and therefore not performed. *Id.* at 194. Consequently, substantial evidence supports the ALJ's determination that plaintiff's impairment does not meet or equal an impairment listed in the regulations as well as his decision not to accord controlling weight to Dr. Kerr's conclusory opinion to the contrary.

**D. Step Five–Claimant is Capable of Performing Light Work**

Plaintiff next claims that, even assuming that his impairment does not meet or equal an impairment listed in the regulations, the ALJ erroneously discredited plaintiff's subjective complaints of pain and other symptoms and improperly relied upon the medical/vocational guidelines to determine plaintiff's disability. These arguments will be addressed seriatim.

**1. Subjective Complaints of Pain**

■ Throughout the evaluation process, the ALJ must consider subjective complaints of pain. §§ 404.1529(a), (d), 416.929(a), (d). However, the ALJ is "not obliged to accept without question the credibility of such subjective evidence." *Marcus,* 615 F.2d at 27; *Peterson v. Gardner,* 391 F.2d 208, 209 (2d Cir.1968); *Spicer v. Califano,* 461 F.Supp. 40, 47–48 (N.D.N.Y.1978). There must be objective medical evidence which demonstrates that the claimant has a medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged ...." §§ 404.1529(a), 416.929(a). If the medical evidence shows such an impairment, then the intensity and persistence of the claimant's symptoms must be evaluated so that a determination may be made regarding how the claimant's symptoms limit his/her capacity for work. §§ 404.1529(c), 416.929(c). "Since symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone," all information submitted by a claimant concerning his/her symptoms, including pain, must be

considered. §§ 404.1529(c)(3), 416.929(c)(3). Relevant factors include: (1) daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medications taken to relieve symptoms; (5) other treatment received to relieve symptoms; and (6) any other measures taken to relieve symptoms. §§ 404.1529(c)(3)(i)-(vi), 416.929(c)(3)(i)-(vi).

■ After weighing the objective medical evidence, the claimant's demeanor, other indicia of credibility, as well as any inconsistencies between the medical evidence and a claimant's subjective complaints, the ALJ may decide to disregard the claimant's subjective opinion with respect to the degree of impairment. *See* §§ 404.1529(c)(4), 416.929(c)(4); *Pascariello v. Heckler,* 621 F.Supp. 1032, 1036 (S.D.N.Y.1985). An ALJ who rejects subjective testimony concerning pain and other symptoms "must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his determination is supported by substantial evidence." *Brandon v. Bowen,* 666 F.Supp. 604, 608 (S.D.N.Y.1987).

■ Plaintiff claims that the ALJ improperly discounted his subjective complaints of disabling fatigue and pain, which are supported by the medical evidence in the record. The plaintiff relies upon Dr. Kerr's office notes which consistently report plaintiff's complaints as well as reports from Dr. Bethje and Dr. Arthur Illman which also note plaintiff's claims. The ALJ considered plaintiff's complaints, however, he found them not credible in light of the extent of the plaintiff's daily activities, the minimal clinical findings, and the fact that plaintiff does not take any medications. (Tr. at 18.) This determination is supported by substantial evidence.

Dr. Kerr's treatment notes and medical reports indicate plaintiff's complaints of joint pain in both hands as well as his knees and ankles. *Id.* at 147, 157, 189. Dr. Bethje and Dr. Illman also note plaintiff's complaints of fatigue and joint pain. *Id.* at 184–85, 195. However, Dr. Kerr recommended plaintiff should be retrained in an occupation where repetitive finger motion is not required, *Id.* at 158, 190, thus discrediting plaintiff's claim that he is unable to do any work. In addition, plaintiff only received treatment every six months and currently takes no medication. *Id.* at 172. Further, plaintiff's daily activities belie his claims of disabling fatigue and pain. Plaintiff lives independently, doing his own cooking and laundry. *Id.* at 121, 125, 129, 136. Plaintiff was a full-time college student, with near-perfect attendance and earned straight "A's." *Id.* 39–40, 42, 191–93. One of plaintiff's hobbies is making necklaces by stringing beads, which requires fine motor dexterity. *Id.* at 121. He also attends Sunday Mass, after which he socializes for about ½ hour, socializes with other friends, and regularly attends Al-Anon meetings. *Id.* at 121, 125, 129, 136. This evidence demonstrates that plaintiff's claims of disabling pain and fatigue are not consistent with the substantial evidence in the record. Consequently, the ALJ was justified in rejecting plaintiff's subjective claims.

### 2. *Grids as a Framework*

Plaintiff claims that since he has nonexertional limitations of pain and fatigue, the ALJ should not have relied upon the medical/vocational guidelines to determine that he is not disabled. However, plaintiff's argument is not persuasive.

When a claimant's impairment and related symptoms, such as pain, only impose exertional limitations and the claimant's vocational profile is listed in an Appendix 2 Rule, the Rule is applied directly to determine disability status. §§ 404.1569a(b), 416.969a(b). "The grids take into account the claimant's residual functional capacity in conjunction with the claimant's age, education, and work experience." *Rosa,* 168 F.3d at 78 (internal quotations omitted) (citation omitted). The grids then indicate whether the claimant can engage in any

substantial gainful activity. *Id.* However, when a claimant's exertional impairments are compounded by significant nonexertional limitations, the grids only provide only a framework for determining disability. §§ 404.1569a(d), 416.969a(d); *Rosa,* 168 F.3d at 78. Thus, when a claimant is incapable of the full range of a certain category of work, such as sedentary work, the evaluation of disability must be made on an individual basis rather than by a mechanical application of the Appendix 2 Rules. *Nelson v. Bowen,* 882 F.2d 45, 46 (2d Cir.1989).

 After the ALJ determined that plaintiff could not perform his past relevant work, the ALJ considered plaintiff's age, education, and work experience. The ALJ found that plaintiff, at 34 years of age, is a younger individual, with an associates degree from college, and nontransferable work skills. (Tr. at 20.) Next, the ALJ concluded that plaintiff's nonexertional limitations do not significantly erode his occupational base. *Id.* at 18. Then, contrary to plaintiff's assertion, the ALJ merely used the grids as a framework to determine disability and concluded that plaintiff is not disabled. *See id.*

The previous discussions concerning the medical evidence, supra p. 9–10, and plaintiff's daily activities, supra p. 13, support the ALJ's conclusion that plaintiff's capacity to work is not significantly diminished by his nonexertional limitations. Moreover, the record is clear that the ALJ did not solely rely on the medical/vocational guidelines to find plaintiff not disabled.

## V. *CONCLUSION*

The medical evidence in this case reveals that clinical testing yielded minimal results, plaintiff had good range of motion in his wrists, hands, knees, and ankles, and only moderate swelling. In addition, despite plaintiff's allegations of disabling pain and fatigue, he is an extremely active individual.

Accordingly, it is

ORDERED, that the ALJ's decision denying plaintiff Social Security Disability Insurance benefits is AFFIRMED.

IT IS SO ORDERED.