817 F.2d 983
 17 Soc.Sec.Rep.Ser. 729, Unempl.Ins.Rep. CCH 17,375
Carol A. JOHNSON (Magistro), Plaintiff-Appellee,
v.
Otis R. BOWEN, In his official capacity as Secretary of the
United States Department of Health and Human
Services, Defendant-Appellant.
 No. 910, Docket 86-6233.
 United States Court of Appeals,
Second Circuit.
 Argued March 9, 1987.
Decided April 30, 1987.
 
 Gregory C. Sisk, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C. (Richard K. Willard, Asst. Atty. Gen., John F. Cordes, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., on brief), for defendant-appellant.
 Thad F. Sondej, Liverpool, N.Y. (Granito & Sondej, Liverpool, N.Y., on brief), for plaintiff-appellee.
 Before MESKILL and NEWMAN, Circuit Judges, and BLUMENFELD,* District Judge.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 This appeal involves another in a long line of cases raising the issue whether the Department of Health and Human Services (HHS) is observing the treating physician rule in determining claims for disability benefits, see Schisler v. Heckler, 787 F.2d 76, 81 (2d Cir.1986). Otis R. Bowen, Secretary of HHS (Secretary), appeals from a judgment of the District Court for the Northern District of New York (Neal P. McCurn, Judge) reversing HHS' denial of disability benefits to Carol Johnson and ordering that such benefits be granted. Because we cannot ascertain on this record whether HHS properly adhered to the treating physician rule in assessing Johnson's claim and because the record, properly considered by the agency, could support a denial of benefits, we vacate the District Court's decision and direct a remand to HHS for reconsideration and explicit application of the treating physician rule.
 
 Background
 
 2
 Carol Johnson took a disability leave on April 23, 1982, from her work as an assembler of air conditioning units due to an injury to her hand suffered while on the assembly line. During this leave, a dislocation problem developed in her left knee attributable to a slip and fall that had occurred on January 1, 1982. On May 3, 1982, Johnson was examined by Dr. Stephen Bastable, a board-certified orthopedic surgeon. Dr. Bastable found that Johnson's left knee was tender and unstable, though x-rays proved negative. On May 4, Dr. Bastable placed Johnson's left leg in a cylinder cast which she wore for approximately seven weeks. Following this treatment, Johnson continued to complain of pain. On July 22, Dr. Bastable operated on Johnson's left knee. Following surgery, a cylinder cast was placed on Johnson's leg. She subsequently developed an infection at the site of the incision. The infection produced a fever and required that Johnson's cast be removed. After Johnson's fever abated, a new cast was applied on August 5. This cast was removed on August 27, after which Johnson began a course of physical therapy.
 
 
 3
 Dr. Bastable's office notes indicate that Johnson's knee steadily improved following removal of her cast and that she did not experience pain. Johnson continued her course of physical therapy through at least the summer of 1983. She returned to work as a secretary on September 6, 1983. Dr. Bastable opined that Johnson "was disabled for any and all type of work activities" until her return to work.
 
 
 4
 Johnson filed an application for disability insurance benefits for the period from April 23, 1982, to September 5, 1983. Her application was initially denied. Upon reconsideration following a hearing before Administrative Law Judge (ALJ) Gordon Mahley, Johnson's application was again denied. That decision was adopted by the HHS Appeals Council. Subsequently, the Appeals Council informed Johnson that her case would be reconsidered pursuant to the injunction issued in Dixon v. Heckler, 589 F.Supp. 1494 (S.D.N.Y.1984), which invalidated the agency's "severity" regulations, 20 C.F.R. Secs. 404.1520(c), 416.920(c) (1983). ALJ Stanley Scott conducted a supplemental hearing at which Johnson testified that she was engaged in various job-related chores in the year following her leave--by February 1983, Johnson was performing routine housework and driving her car. After reviewing Johnson's application for benefits de novo, ALJ Scott found that her impairment would not have "preclude[d] her from performing at least light work activity" such as secretarial, bookbinding, and cashier/store management positions she had previously held. Consequently, he denied her application. The decision became the final decision of the Secretary when it was approved by the Appeals Council on June 11, 1985.
 
 
 5
 Johnson filed an action in the Northern District of New York seeking review of HHS' decision. Judge McCurn assigned the matter to Magistrate Ralph W. Smith, who recommended that the Secretary's decision be affirmed. Judge McCurn rejected this report and reversed HHS' decision. He remanded the case to HHS for calculation and payment of disability benefits.
 
 Discussion
 
 6
 The scope of review of a disability determination under 42 U.S.C. Sec. 423(a)(1) (Supp. III 1985) involves two levels of inquiry. Mimms v. Heckler, 750 F.2d 180, 185 (2d Cir.1984); Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir.1983); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982). We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by "substantial evidence." 42 U.S.C. Sec. 405(g) (1982).
 
 
 7
 Under the Social Security Act, every individual who is under a "disability" is entitled to disability insurance benefits. 42 U.S.C. Sec. 423(a)(1). "Disability" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1) (1982). In assessing disability claims, HHS first determines whether a claimant has not been working for at least 12 months and has an "impairment." 20 C.F.R. Sec. 404.1520(b), (d) (1986). HHS then assesses whether the claimant was incapable of performing work he or she had done in the past. 20 C.F.R. Sec. 404.1520(e). If the claimant satisfies these requirements, HHS determines whether other factors including age, education, past work experience, and residual functional capacity would have enabled the claimant to perform other work available in the national economy. 20 C.F.R. Sec. 404.1520(f). It is well established that the expert opinion of a claimant's treating physician on the subject of medical disability is binding on HHS unless contradicted by substantial evidence. Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986); Stieberger v. Bowen, 801 F.2d 29, 31 (2d Cir.1986); Schisler v. Heckler, supra, 787 F.2d at 81; Bluvband v. Heckler, 730 F.2d 886, 892-93 (2d Cir.1984); Hankerson v. Harris, 636 F.2d 893, 896 (2d Cir.1980); Bastien v. Califano, 572 F.2d 908, 912 (2d Cir.1978).
 
 
 8
 In the present case, Dr. Bastable, Johnson's treating physician, opined that Johnson was disabled for a period greater than one year. Other evidence in the record bearing on Johnson's eligibility for disability benefits included Dr. Bastable's office notes and correspondence, Johnson's medical records, and Johnson's testimony at the hearing. On this record, HHS was clearly required to apply the treating physician rule in assessing Johnson's disability claim. Notwithstanding this Court's numerous exhortations to HHS to adhere to this rule, see, e.g., Bluvband v. Heckler, supra, 730 F.2d at 892-93; Hankerson v. Harris, supra, 636 F.2d at 896, and recent assurances on behalf of the Secretary that the rule is accepted, see Stieberger v. Bowen, supra, 801 F.2d at 36; Schisler v. Heckler, supra, 787 F.2d at 83, neither ALJ Scott's decision nor the Appeals Council's letter to Johnson made any "express, implied, or even oblique reference to the treating physician rule," Havas v. Bowen, supra, 804 F.2d at 786, in determining that Johnson was capable of performing work she had done and hence ineligible for benefits. Furthermore, ALJ Scott's decision does not indicate whether he accorded "some extra weight" to the opinion of the treating physican, see Schisler v. Heckler, supra, 787 F.2d at 81, and then concluded that substantial evidence contradicted that opinion, see id., or whether he just ignored it. Consequently, we cannot ascertain whether HHS applied the correct legal principles, in particular, the treating physician rule, in assessing Johnson's eligibility for disability benefits. Cf. Thorne v. Weinberger, 530 F.2d 580, 582 (4th Cir.1976) (emphasizing the importance of specific findings by hearing examiner and Secretary for judicial review); Baerga v. Richardson, 500 F.2d 309, 312-13 (3d Cir.1974) (admonishing that hearing examiner's report be as comprehensive as feasible and, where appropriate, include a statement of subordinate factual findings on which ultimate conclusions are based so that reviewing court may know the basis for decision), cert. denied, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975); Choratch v. Finch, 438 F.2d 342, 343 (3d Cir.1971). Because of the lack of specificity of ALJ Scott's decision and the inconclusiveness of the record, it is appropriate to remand the case to HHS in order to ensure that the correct legal principles are applied to determination of Johnson's disability claim. Cf. Ferran v. Flemming, 293 F.2d 568, 571 (5th Cir.1961); Brittingham v. Weinberger, 408 F.Supp. 606, 611 (E.D.Pa.1976).
 
 
 9
 The Secretary contends that we are required to affirm his decision so long as the ALJ's ultimate conclusion is supported by substantial evidence. We cannot agree. Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles. The history of litigation concerning the treating physician rule regrettably precludes our indulging the decision makers in HHS with a presumption that in cases such as this the treating physician rule was faithfully applied and merely not mentioned.
 
 
 10
 Of course, where application of the correct legal principles to the record could lead to only one conclusion, there is no need to require agency reconsideration. See Havas v. Bowen, supra, 804 F.2d at 786. Unlike the situation in Havas, however, where no substantial evidence contradicted the treating physician's opinion that the claimant could not return to his prior employment, the present record does not compel but one conclusion under the treating physician rule and the substantial evidence standard. Substantial evidence " 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). Under this deferential standard, findings of either disability or no disability could be sustained in this case. The record is clear that Dr. Bastable opined that Johnson was "disabled for any and all type of work activities" during the relevant period. On the other hand, Dr. Bastable's office notes and Johnson's testimony suggest that Johnson was capable of performing light and sedentary work within a year of her leave. The critical question is whether, under the treating physician rule, this latter evidence was sufficient to justify a finding of no disability notwithstanding Dr. Bastable's medical opinion. This determination is to be made by the Secretary. Aponte v. Secretary, Dep't of Health and Human Services, 728 F.2d 588, 591 (2d Cir.1984); see Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). Since we cannot determine with certainty from the record before us whether ALJ Scott found such evidence to have been sufficient under the treating physician rule or whether he neglected to apply the rule, it is appropriate to remand the case for reconsideration.
 
 Conclusion
 
 11
 Accordingly, we vacate the judgment of the District Court and remand the case to the District Court with directions to remand to HHS for reconsideration and explicit application of the treating physician rule.
 
 
 
 *
 The Honorable M. Joseph Blumenfeld of the United States District Court for the District of Connecticut, sitting by designation