Luz M. DEL PILAR, Plaintiff,

v.

Louis SULLIVAN, Secretary, Department of Health & Human Services, Defendant.

No. 88 Civ. 6611 (SWK).

United States District Court, S.D. New York.

Nov. 2, 1990.

---

Legal Services for the Elderly by David S. Udell and MFY Legal Services, Inc. by Jill Ann Boskey, New York City, for plaintiff Luz M. Del Pilar.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. by Linda A. Riffkin, Annette H. Blum, Jacqueline F. Rayfield, New York City, for defendant Louis Sullivan.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff has appealed the decision of the Secretary of Health and Human Services denying her application for disability insurance benefits. The parties cross-moved before Magistrate Michael Dolinger for judgment on the pleadings. Magistrate Dolinger has submitted a Report and Recommendation, which recommends that plaintiff's motion be granted, that defendant's motion be denied and that the case be remanded to the Secretary for calculation of benefits. Defendant has conceded that its motion on the pleadings cannot be granted, but he objects to the report's recommendation that the plaintiff's motion be granted. Instead, the defendant urges that the Court remand this case to the Secretary for further proceedings. Plaintiff has responded to this objection and contends that the recommendation of the report should be accepted. Pursuant to Fed.R.Civ.P. 72(b), this Court considers matters in the report to which an objection has been made *de novo*.

## Background [1]

Plaintiff was born in Puerto Rico in 1933, completed the sixth grade and does not speak English. In her 1986 application for benefits, plaintiff reported that she last worked in 1984, at which time she was laid off from her job as a hotel housekeeper. She had previously worked as a hotel housekeeper continuously for twenty years. This work involved changing sheets, vacuuming, sweeping and mopping. Her previous employment involved eight hour work days, consisting of one hour of sitting and seven hours of walking. Her job also entailed constant bending and reaching, as well as lifting and carrying as much as twenty pounds at a time.

Plaintiff has complained of severe chest pains, diagnosed as angina, as well as high blood pressure and heart palpitations. She takes nitroglycerin three times a day for her heart condition, in addition to other medications. In the year prior to her administrative hearing, she was hospitalized for a severe angina attack. She also testified that she lives with her sister in an elevator building and does not go out without a companion because she has had repeated blackouts. The blackouts were confirmed by plaintiff's daughter, who also testified that her mother does not go out alone. Plaintiff also states that she has diabetes and that her vision is impaired.

Plaintiff testified that she has been a long time patient of the Metropolitan Hospital clinic and that she also sees a private physician. The administrative record, which contains hospital records between May 1, 1984 and October 1987, demonstrates that plaintiff has been both an outpatient and an admitted patient at Metropolitan since 1977. Since 1978, her symptoms and ailments have included chest pain, hypertension, anxiety, arthritis and diabetes. Her first hospitalization for

[1]. The procedural background is fully set forth in the Magistrate's Report and Recommendation, familiarity with which is assumed. This background section on plaintiff's physical and psychiatric disabilities is drawn from the Report, which again more fully reviews the record with citations to the transcript.

these symptoms was in December 1983 when she was diagnosed as suffering from angina, diabetes, and arthritis. Subsequent visits to the clinic for chest pain also resulted in similar diagnoses, including diagnosis of unstable angina. Other conditions diagnosed at Metropolitan include arteriosclerotic heart disease with enlargement of the heart (cardiomegaly), diabetes mellitus, hypertension, obesity, and degeneration of the lumbar spine.

The report of a consultative physician, Dr. Antonio De Leon, addressed plaintiff's physical condition. His diagnosis was that plaintiff suffered from chest pain, "undetermined," "moderately severe" hypertension, diabetes, "mild" obesity, and arthralgia in the neck. Consultative psychiatrist Dr. Ellis Charles found no psychological impairment in one examination, and a mild impairment due to anxiety in another. Another consultative psychiatrist, Dr. Jorge Oldan, concluded that plaintiff has an adjustment reaction with some anxiety.

Plaintiff sought from the Metropolitan mental health clinic a letter with her diagnosis for the Social Security Administration. The clinic psychiatrist noted that she did not suffer from serious psychological impairment and that the letter should come from the medical clinic. Plaintiff then attended the medical clinic, and the records of visit suggest that a treating physician listed her physical ailments—diabetes mellitus, angina, hypertension and anxiety—and wrote the words "Not Employable" in the record with a note "To Correspondence," suggesting that a letter would be prepared. No such letter appears and the Magistrate found the record unclear as to whether the clinic ever followed up on the matter.

### Discussion

A decision to award benefits instead of ordering remand may be made only if the administrative record as a whole indicates that the claimant is disabled and entitled to benefits. *See Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 44 (2d Cir.1972). There is no reason to remand for agency reconsideration where application of correct legal principles to the record could lead to only one conclusion,

that is, that plaintiff is disabled as defined by agency regulations. *Murdaugh v. Secretary of Dep't of Health & Human Services*, 837 F.2d 99, 102 (2d Cir.1988) (no reason for remand where treating physician found disability and the record did not demonstrate substantial evidence contradicting treating physician); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir.1987) (where there may have been substantial evidence in opposition to treating physician's diagnosis, remand was appropriate). However, where the record indicates serious gaps or uncertainties in it, then the law of this Circuit would require remand to allow the Secretary to further develop the record. *See, e.g., Johnson, supra*, 817 F.2d at 987; *Hankerson v. Harris*, 636 F.2d 893, 897 (2d Cir.1980).

The Magistrate concluded in a thorough analysis of the record that:

> In this case a remand would serve no purpose since the record compels the conclusion that plaintiff is disabled. I note that plaintiff, who had worked for approximately twenty years at the same type of job until she was laid off in 1984, was diagnosed as early as 1983 as suffering from angina, as well as diabetes and hypertension. She has been consistently diagnosed since then as suffering from these maladies as well as, more recently, from arteriosclerotic heart disease. The medical records of her treating physicians reflect clinical confirmation of these conditions, and the one opinion in the record concerning her ability to work—that of an unidentified physician at Metropolitan—is that she is "Not Employable." In addition, plaintiff and her daughter testified to plaintiff's severe pain and other impairments, and the medical records and long history of diagnoses are consistent with this testimony.

Report at 43. The Report also indicated that the record provided no evidence contrary to the conclusion that plaintiff was in fact disabled. *Id.* Moreover, the Report recognized that even the consulting physician relied upon by the Secretary in denying benefits never offered an opinion that she could work or an assessment of her

residual functional capacity. *Id.* The consulting physician did not reject as unfounded any of plaintiff's complaints or any of the diagnoses of her physicians. *Id.* at 44.

Based on this analysis of the record, the Report then stated that there "simply is no substantial evidence to support the Secretary's decision." *Id.* Accepting the "not employable" notation in plaintiff's medical record as the notation of a treating physician, the Report stated that the "treating physician rule" would dictate a conclusion that plaintiff is disabled because the record is devoid of substantial contrary evidence. Even if this notation is ignored, however, the Magistrate concluded that the weight of the evidence in the record is "so clear and uncontradicted as to dictate the same result." *Id.* The Report also concludes that under the Secretary's regulations, that plaintiff would be considered disabled, even if the Secretary determines that plaintiff could continue to perform either "light work" or "sedentary work" under the regulations. Report at 44–45.

Defendant first objects to the Report's acceptance of the notation "not employable" as made by a treating physician. Defendant's Objections at 2–3. The Secretary then objects that the Magistrate improperly substituted his own analysis of the record for that of the Secretary. Defendant also argues that even if its finding of no disability is not supported by substantial evidence, this case is not one in which the record shows convincing proof of disability such that remand would serve no purpose. *Id.* at 4 (citing *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir.1980)). In support of remand, the defendant contends that the record indicates that plaintiff's hypertension is well controlled with medication, that her diabetes mellitus has not yet resulted in end-organ damage and that physical examinations concerning her arthritis reveal no abnormalities of the neck or extremities or tenderness of the back, although a 1984 x-ray revealed moderate degeneration of the lumbar spine. *Id.* at 5. Additionally, defendant contends that a 1987 examination revealed normal grip strength and that an examination of several important joints for arthritis was negative. Although the record indicates acute chest pain, defendant contends that examinations did not reveal an abnormal sinus rhythm, congestive changes or acute pulmonary infiltrates. *Id.* Chest x-rays also allegedly showed no more than "borderline cardiomegaly." *Id.*

Plaintiff has responded to defendant's objections, arguing that they are meritless. Although plaintiff contends that the notation that she is "not employable" was both legible and made by a treating physician, she explains that the Report's recommendation was properly based on other independent grounds. According to Plaintiff, the Magistrate's recommendation was based on the following grounds to which no objection was made:

> the Magistrate relied on Ms. Del Pilar's 20 year history of work as a hotel maid; Ms. Del Pilar's "long history" of diagnoses of angina; the testimony of Ms. Del Pilar and her daughter that Ms. Del Pilar suffers from pain and is disabled; the finding by the Secretary's own consultant psychiatrist that Ms. Del Pilar was credible, and the 'failure of the consultant to reject any of plaintiff's complaints or any of the diagnoses of her physicians.' "

Plaintiff's Response to Objections at 4 (citations of Report at 43 omitted). Plaintiff also contends that the Magistrate did not improperly substitute his analysis for that of the Secretary, but quite properly did note that the ALJ had distorted the record. As the Magistrate noted, an ALJ "cannot 'pick and choose[e]' only evidence that supports her conclusions." Report at 27 (citing *Fiorello v. Heckler,* 725 F.2d 174, 175 (2d Cir.1983)). Plaintiff notes that this is not a case in which the Magistrate failed to show appropriate deference to administrative fact finding, but a case in which the ALJ's decision is "peppered with a variety of findings that either misstate the record or are so plainly wrong or misleading as to require reversal." Report at 36. Plaintiff strenuously argues that the Magistrate correctly determined that this is not a case in which remand would serve any valid

purpose, as the record clearly provides a basis for finding disability.

■ The issue before this Court is simply whether plaintiff's motion should be granted now or whether a remand is necessary to further develop the record. Defendant argues that on remand it could further consider whether or not it wrongly applied the treating physician rule by not crediting the "not employable" notation in plaintiff's medical records. Reviewing the objections and responses, as well as the Report's thorough review of the record, this Court is convinced that the Magistrate's recommendation is well supported by the record. As an example, the Court concurs in the Magistrate's criticism of the ALJ's selective review of the record and denial of plaintiff's subjective testimony of pain. *See* Report at 35 (citing *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir.1988)). As the Report notes, plaintiff testified as to considerable pain that was corroborated by repeated diagnoses for unstable angina, arteriosclerotic heart disease and arthritis. While subjective complaints of pain are not alone a sufficient ground to support a finding of disability, such complaints must be accorded weight when they are accompanied by "evidence of an underlying medical condition" ... [and an] "objectively determined medical condition [which is] of a severity which can reasonably be expected to give rise to the alleged pain." *Cameron v. Bowen*, 683 F.Supp. 73, 77 n. 4 (S.D.N.Y. 1984). *See Nelson v. Bowen*, 882 F.2d 45, 48 (2d Cir.1989).

■ Given the compelling evidence of disability, as found by the Magistrate in application of the Secretary's regulations, it would be an injustice to remand to further consider the treating physician rule when the record demonstrates other compelling, uncontradicted evidence of disability. This is especially the case here where plaintiff has sought disability benefits since first filing with the Secretary on October 22, 1986.

## Conclusion

For the aforementioned reasons, the Court accepts the Report and Recommendation of Magistrate Dolinger. Accordingly, defendant's motion for judgment on the pleadings is denied and plaintiff's motion on the pleadings is granted. This case is hereby remanded to the Secretary solely to calculate benefits.

SO ORDERED.