William KNAPP, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. 97–CV–0758.

United States District Court,
N.D. New York.

July 10, 1998.

Legal Aid for Broome and Chenango, Inc., Binghamton, NY, for plaintiff; Kathleen M. Spann, of counsel.

Thomas J. Maroney, U.S. Attorney, Syracuse, NY, for defendant; William Pease, Asst. U.S. Atty., of counsel.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff William Knapp brought this suit against the above-captioned defendant under section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (the "Act"), to review a final determination of the Commissioner of Social Security (the "Commissioner") denying plaintiff's application for disability insurance benefits and Supplemental Security Income ("SSI") benefits under the Act. This matter was referred to the Hon. Ralph W. Smith, Jr., United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).

Magistrate Judge Smith's report and recommendation, dated January 15, 1998, recommends that the Commissioner's decision to deny plaintiff's application for disability insurance and SSI benefits be affirmed and the Complaint be dismissed. Plaintiff filed timely objections to the magistrate judge's report and recommendation.

## I. BACKGROUND

### A. Procedural History

Plaintiff applied for disability insurance and SSI benefits on March 2, 1994. The application initially was denied on May 6, 1994, and was denied on reconsideration on September 15, 1994. On December 1, 1994, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on May 24, 1995 before ALJ John R. Tarrant. In a decision dated December 7, 1995, the ALJ found that plaintiff suffered from diabetes millitus, blindness in the left eye and diabetic retinopathy in the right eye, but that these impairments would not preclude him from returning to his prior work. The Appeals Council affirmed the decision of the ALJ.

Plaintiff thereafter commenced the present action in federal court seeking review of the Commissioner's decision.

### B. The ALJ's Analysis

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The administrative regulations of the Commissioner mandate that the ALJ follow a five-step process to evaluate disability claims. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment which is listed in Appendix 1 of the regulations, [t]he [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982).

Applying the five-step test to this case, the ALJ found that the plaintiff was not currently engaged in substantial gainful employment. In the second step, the ALJ determined that the plaintiff has a severe im-

pairment. Under the third step, the ALJ found that the plaintiff was not *per se* disabled, as his impairment did not meet or equal an impairment listed in Appendix I, subpart P, 20 C.F.R. § 404.1520(d). Under step four, the ALJ found that, although the plaintiff's loss of vision in his left eye and retinopathy in his right eye limited his ability to perform certain close and visually intensive work, plaintiff had the residual functional capacity ("RFC") to perform his past work as a stock person.

## II. DISCUSSION

### A. Standard of Review

■ A court reviews a final decision of the Commissioner to determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *See Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir.1997); *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir.1982); *Shane v. Chater*, 1997 WL 426203, at *4 (N.D.N.Y. July 16, 1997) (Pooler, J.) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987); *Rosado v. Sullivan*, 805 F.Supp. 147, 153 (S.D.N.Y. 1992)). In providing review of decisions on disability benefits, 42 U.S.C. § 405(g) requires that factual findings of the Commissioner shall be conclusive if supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

### B. Consideration of Pain

Plaintiff asserts that the ALJ failed to consider his subjective complaints of pain and fatigue in finding that plaintiff had the RFC to perform his past work as a stock person.[1] At the hearing before the ALJ, plaintiff testified that he had experienced pain and fatigue stemming from his diabetic condition and sores on his legs.

■ Subjective complaints of pain and fatigue may serve as the basis for establishing disability, even when the pain is unsupported by clinical or medical findings, so long as an underlying impairment can be "medically as-

certained." *See Gallagher v. Schweiker*, 697 F.2d 82, 85 (2d Cir.1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979) *Saviano v. Chater*, 956 F.Supp. 1061, 1071 (E.D.N.Y. 1997); *Bethge v. Chater*, 896 F.Supp. 301, 312 (W.D.N.Y.1995). In the Social Security Disability Benefits Reform Act, Congress codified the standard for evaluating disabling pain. *See* 42 U.S.C. § 423(d)(5)(A). The language of the statute requires medical evidence of a condition that could reasonably produce pain.

■ Here, the administrative record contains medical evidence of diabetes mellitus, an underlying impairment that could reasonably produce plaintiff's claims of pain and fatigue. Notwithstanding, the ALJ failed to discuss plaintiff's pain claims. The ALJ must consider subjective complaints of pain throughout the evaluation process. *Urtz v. Callahan*, 965 F.Supp. 324, 327 (N.D.N.Y. 1997); 20 C.F.R. §§ 404.1529(a), 416.929(a). This Court cannot determine whether the ALJ followed the sequence established by the Commissioner's own pain evaluation regulations. *See* 20 C.F.R §§ 404.1529(a), 416.929(a). For example, while the ALJ's findings of fact cite to 20 C.F.R. §§ 404.1545 and 416.945 when assessing plaintiff's RFC, and to 20 C.F.R. §§ 404.1565 and 416.965 when assessing plaintiff's past relevant work history, the ALJ does not indicate whether he considered plaintiff's pain complaints, as evidenced by his failure to cite to the relevant regulation.

■ The Court does not suggest that every conflict in the record must be reconciled by the ALJ. The crucial factors in any determination, however, must be set forth with sufficient specificity to enable the Court to decide whether the determination is supported by substantial evidence. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir.1984). Because there was no indication on the part of the ALJ that he considered plaintiff's pain claim, and because such a determination would have been essential to a disability determination within the meaning of 42 U.S.C.

---

1. Plaintiff also argues that the ALJ failed to consider the remaining medical record as a whole. This argument, however, is without merit for substantially the reasons stated in Magistrate Smith's Report–Recommendation.

§ 1382(a)(3)(B), a finding of substantial evidence cannot rest on a presumption that the ALJ implicitly considered plaintiff's pain complaints.

The ALJ's explicit acceptance or rejection of plaintiff's subjective pain claims is of further significance in the instant case. Plaintiff failed to qualify as disabled based on an assessment of his RFC. The RFC is determined by considering all relevant evidence, consisting, *inter alia*, of symptoms including pain. *See* 20 C.F.R. §§ 404.1545, 416.945; *Urtz*, 965 F.Supp. at 326. Thus, the ALJ had an affirmative obligation to consider plaintiff's pain and fatigue complaints when determining whether plaintiff could perform a certain category of work. When a factor is basic to a plaintiff's claim of disability, it is not enough for the ALJ to state that he examined the entire record. He should also explain whether the evidence of a critical factor, although considered, was insufficient for a finding of disability. *Mongeur v. Heckler*, 722 F.2d 1033, 1041 (2d Cir.1983).

To ensure that the correct legal principles are applied in evaluating disability claims, this circuit recognizes the appropriateness of remanding cases because of the lack of specificity of an ALJ's decision. *See Johnson*, 817 F.2d at 985 (remanding because ALJ did not mention treating physician rule); *Havas v. Bowen*, 804 F.2d 783 (2d Cir.1986) (criticizing ALJ who "[m]ade no express, implied or even oblique reference to the treating physician rule"); *Henriquez v. Chater*, 1996 WL 103828, at *2 (S.D.N.Y. Mar.11, 1996) (stating that ALJ's failure to mention treating physician rule would alone be cause for remand); *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir.1983) ("[I]t is an elementary rule that the propriety of agency action must be evaluated on the basis of stated reasons.")

Because this Court cannot discern whether the ALJ followed proper procedure in evaluating plaintiff's subjective complaints of pain and fatigue, a conclusion that the proper legal standards were applied and that the decision of the ALJ is supported by substantial evidence cannot be made. A finding of legal error is cause for remand, even if substantial evidence exists to support the Commissioner's factual findings. *John-*

*son*, 817 F.2d at 986. Moreover, a finding that the Commissioner has failed to specify the basis for his conclusions is an equally compelling cause for remand. " 'It is self-evident that a determination by the [Commissioner] must contain a sufficient explanation of his reasoning to permit the reviewing court to judge the adequacy of his conclusions.' " *Henriquez*, 1996 WL 103828, at *2 (S.D.N.Y.) (quoting *Rivera v. Sullivan*, 771 F.Supp. 1339, 1354 (S.D.N.Y.1991)).

## III.  CONCLUSION

In reviewing disability claims, a district court may affirm, modify or reverse the determination of the Commissioner with or without remanding the case for a rehearing. 42 U.S.C. § 405(g). In light of the ALJ's failure to explicitly address plaintiff's subjective claims of pain and fatigue, the Court cannot determine whether the Commissioner's denial of disability benefits is supported by substantial evidence. Therefore, the Court hereby ORDERS that the case be remanded to the Commissioner for proceedings consistent with this decision.

**IT IS SO ORDERED.**