**Jose LUGO, Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant.**

**No. 98 Civ. 4942 (JSR).**

United States District Court, S.D. New York.

Sept. 28, 1998.

Jill Ann Boskey, Center for Disability Advocacy Rights, Inc., New York City, for Plaintiff.

Linda Riffkin, U.S. Attorney's Office, New York City, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff Jose Lugo challenges the determination of defendant Commissioner of Social Security that plaintiff is not disabled and, consequently, is not entitled to Supplemental Security Income benefits. In particular, Lugo challenges the determination of Administrative Law Judge Mary C. Cerbone that Lugo had failed to establish his "inability to engage in any substantial activity by reason of any medically determinable physical or mental impairment ...," 42 U.S.C. § 423(d)(1)(A), because, *inter alia*, "the level of pain alleged by the claimant as constant and totally disabling is not found fully credible," Administrative Record ("R.") at 16–17.

■ Where subjective symptoms like pain are reported, "the ALJ has discretion to evaluate the credibility of the claimant and to arrive at an independent judgment, in light of the medical findings and other evidence, regarding the true extent of the pain alleged." *Brandon v. Bowen,* 666 F.Supp. 604, 608 (S.D.N.Y.1987). However, "[i]f the ALJ decides to reject subjective testimony concerning pain and other symptoms, [s]he must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [her] determination is supported by substantial evidence." *Id. Accord Harrison v. Secretary of Health and Human Services,* 901 F.Supp. 749, 757 (S.D.N.Y. 1995); *Fishburn v. Sullivan,* 802 F.Supp. 1018, 1027–1028 (S.D.N.Y.1992). *See also Ferraris v. Heckler,* 728 F.2d 582, 587 (2d Cir.1984) ("[A]ny determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence."). As stated in an instruction from the Commissioner to employees of the Social Security Administration:

It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Social Security Ruling 96–7p, 61 F.R. 34483–01.

■ The ALJ in the instant case acknowledged the existence of some objective medical evidence of impairments that could cause the pain that Lugo reported. (R. 16). By contrast, the ALJ's opinion makes no explicit or specific reference to the evidence on which she relied in determining that plaintiff's claims of severe pain were not credible. Instead, the ALJ's discussion of plaintiff's credibility is confined to two conclusory paragraphs, *viz:*

Pursuant to 20 C.F.R. § 416.929, consideration must be given to the claimant's subjective complaints. In this case, the level of pain alleged by the claimant as constant

and totally disabling is not found fully credible. (R. 16–17).

. . . . .

The Claimant's subjective complaint of totally disabling pain is not found credible to the extent alleged. (R. 17).

Conclusory determinations such as these leave a reviewing court no basis on which to determine whether the proper factors were considered and the appropriate legal standards applied. While Magistrate Judge Katz, to whom this action was initially referred, recommended that the decision below be affirmed, Report and Recommendation of Judge Theodore H. Katz, 6/22/98, at 1, he did so on the basis of his own search of the record for evidence that might have supported the ALJ's credibility determination. But quite aside from the fact that the snippets on which the Magistrate Judge relied in this regard are far from substantial, it is error to affirm the ALJ's ruling based upon reasoning attributed to her on review but not identified in her opinion. *See Johnson v. Bowen,* 817 F.2d 983, 986 (2d Cir.1987) ("The Secretary contends that we are required to affirm his decision so long as the ALJ's ultimate conclusion is supported by substantial evidence. We cannot agree."). It is appropriate, therefore, to remand this case so that the ALJ can provide her reasoning in a manner that enables this Court to perform effective review. *See Harrison,* 901 F.Supp. at 757 (remanding for elaboration on ALJ's credibility determination); *Fishburn,* 802 F.Supp. at 1029 (remanding for elaboration on ALJ's credibility determination); *Brandon,* 666 F.Supp. at 608 (remanding for elaboration on ALJ's credibility determination).

Accordingly, the recommendation of the Magistrate Judge is declined and the case is remanded to the Commissioner of Social Security to further consider any relevant evidence bearing on plaintiff's claims of severe pain and, if she adheres to her original determination, to set forth the reasons these claims are found incredible. Clerk to enter judgment.

SO ORDERED.