Dawn M. JORDAN, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Appellee.

No. 05–6905–cv.

United States Court of Appeals, Second Circuit.

Sept. 1, 2006.

Peter S. Palewski, Esq., New York Mills, NY, for Appellant.

Som Ramrup, Assistant United States Attorney, (Glenn T. Suddaby, United States Attorney, on the brief), United States Attorney's Office for the Northern District of New York, New York, NY, for Defendant–Appellee.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, Circuit Judges.*

**SUMMARY ORDER**

Plaintiff Dawn M. Jordan appeals a decision and order of the District Court for the Northern District of New York (Gary L. Sharpe, *Judge)* affirming a decision of the Appeals Council of the Social Security Administration. *See Jordan v. Comm'er of Soc. Sec.,* 01–CV–00914 (N.D.N.Y. November 18, 2005) *aff'g.* Action of Appeals Council on Request for Review, Office of Hearings and Appeals (Soc.Sec.Admin.2000). The Appeals Council denied plaintiff's request for review of a decision by Administrative Law Judge ("ALJ") Thomas P. Zolezzi finding that plaintiff was not "disabled" within the meaning of the Social Security Act, 42 U.S.C. § 423(d), and therefore that she was not eligible to collect disability insurance benefits. *See* Decision (Soc. Sec. Admin. March 28, 2000).

■ We review the agency's final decision to determine, first, whether the correct legal standards were applied and, second, whether substantial evidence supports the decision. *Urtz v. Callahan,* 965 F.Supp. 324, 326 (N.D.N.Y.1997) (citing *Johnson v. Bowen,* 817 F.2d 983, 985 (2d Cir.1987)). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen,* 859 F.2d 255, 258 (2d Cir.1988).

■ Plaintiff's most viable claim on appeal is that the ALJ improperly applied the Medical–Vocational Guidelines ("the grid" or "the grid guidelines") to evaluate her disability status. In particular, plaintiff argues that utilization of the grid was inappropriate because it prevented the ALJ from considering all of plaintiff's ailments, including both her exertional and non-exertional limitations, before determining that plaintiff's residual functional capacity for "light work" permitted her to perform jobs available in the national economy. This claim is without merit for several reasons.

■ First, although applying the grid guidelines to determine whether plaintiff can perform jobs available in the national economy may be inappropriate when, as here, a claimant suffers from both "exertional" and "non-exertional impairments," *Pratts v. Chater,* 94 F.3d 34, 39 (2d Cir. 1996), applying the guidelines is appropriate when the claimant's non-exertional impairments do not "significantly limit the range of work permitted by [the claimant's other] limitations," *id.* at 39 (quoting *Bapp v. Bowen* 802 F.2d 601, 604–05 (2d Cir. 1986)). The ALJ found as a factual matter that plaintiff's non-exertional limitations did not "significantly compromise[ ]" her "capacity to perform light work." Accordingly, the ALJ did not misapprehend the proper legal standard in applying the grid guidelines to plaintiff's conditions.

■ Second, substantial evidence in the record supports the ALJ's conclusions regarding plaintiff's non-exertional limitations. In particular, the ALJ noted in discussing other issues relevant to plaintiff's disability status that he would accord "controlling weight" to the medical conclusions of Dr. Blatt. Dr. Blatt's findings are consistent with the ALJ's characterization that plaintiff was capable of a "wide range of light work." Moreover, the ALJ "considered [plaintiff's] subjective complaints

---

* Judge Robert D. Sack, who was originally a member of the panel, recused himself prior to oral argument. The remaining members of the panel, who are in agreement, have decided the case pursuant to 2d Cir. R. § 0.14(b).

of pain and other symptoms", including "urinary frequency, easy bruising, nose bleeds, . . . [chills, and dizziness]" and concluded based on a review of available medical reports that many of them were "not supported by the objective medical evidence." Further, medical reports in the record reveal that plaintiff stopped smoking in November 1997, that her prescribed inhalers were discontinued, and that her pulmonary function test was normal in January 1998. Accordingly, substantial evidence in the record supports the ALJ's conclusions regarding plaintiff's non-exertional limitations.

■ Third, the fact that the ALJ did not specifically state (1) the reasons for finding that plaintiff's capacity for light work was not significantly diminished or (2) the precise nonexertional impairments plaintiff suffered, does not render the ALJ's factual findings erroneous. Although this Court held in *Pratts*, 94 F.3d at 39, that an ALJ erred by failing to "specifically articulate the nonexertional impairments that [the plaintiff] suffered," the *Pratts* court based its decision to remand in part on the fact that records of the proceedings were incomplete and that the court was "unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision," *id.* (internal quotation marks omitted). Here, both the ALJ's discussion of plaintiff's other claims and the record as a whole provide ample support for the conclusion that plaintiff's non-exertional limitations did not significantly impair her ability to do light work. *See Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir.1982) ("[T]he absence of an express rationale does not prevent us from upholding the ALJ's determination . . . since portions of the ALJ's decision and

the evidence before him indicate that his conclusion was supported by substantial evidence."); *Williams*, 859 F.2d at 258 ("To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides.").

■ Finally, as the District Court noted, the ALJ did not rely exclusively upon the grid guidelines but used them merely as "a framework for decisionmaking." Accordingly, even assuming *arguendo* that plaintiff's non-exertional limitations significantly diminished her ability to do light work, the ALJ's conclusions regarding her residual functional capacity were not erroneous. *See Bapp*, 802 F.2d at 604 (noting that where "a finding of disabled [is not] possible based on the strength limitations alone . . . the rule(s) . . . *provide a framework* for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.") (quoting 20 C.F.R. Pt. 404 Subpt. P., App. 2, § 200.00(e)(2) (1986) (emphasis added)).

We have considered plaintiff's remaining claims and determine them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**