Loucks v. Kijakazi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-two.

PRESENT:
>      **ROSEMARY S. POOLER,**
>      **MICHAEL H. PARK,**
>      **EUNICE C. LEE,**
>            *Circuit Judges.*

_____

**GLENDA LOUCKS,**

>            *Plaintiff-Appellant,*

>      **v.**                                               **21-1749**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security,**

>            *Defendant-Appellee.*\*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | PETER A. GORTON, Lachman & Gorton, Endicott, NY. |
| **FOR DEFENDANT-APPELLEE:** | ARIELLA ZOLTAN (Maria Fragassi Santangelo, Ellen E. Sovern, *on the brief*), *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Western District of New York (Bush, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED** and the case is **REMANDED**.

Plaintiff Glenda Loucks applied on May 1, 2017 for disability insurance benefits ("DIB") and supplemental security income ("SSI"). In her application, Loucks reported various mental illnesses including depression, anxiety, and substance abuse, and various physical ailments including irritable bowel syndrome ("IBS") and Celiac disease. The Administrative Law Judge ("ALJ") denied Loucks's DIB and SSI claims, concluding that Loucks had "the residual functional capacity to perform medium work" and that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Admin. R. on Appeal at 20, 26. The district court affirmed the ALJ's decision concluding that the ALJ's findings were supported by substantial evidence and that the ALJ complied with the relevant regulatory procedures. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)). "We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (quoting *Estrella*, 925 F.3d at 95). Substantial evidence is "a very deferential standard of review," and it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (cleaned up). "Although we do not require that every

conflict in a record be reconciled by the ALJ . . . we do require that the crucial factors in any determination be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Estrella*, 925 F.3d at 95 (cleaned up).

For claims, like this one, filed after March 27, 2017, the agency applies 20 C.F.R. § 404.1520c rather than 20 C.F.R. § 404.1527. These new regulations no longer apply the treating-physician rule, which gave deference to the opinion of the treating physician. Instead, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." *Id.* § 404.1520c(a). The regulations explain that when "evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings," the "most important factors . . . are supportability . . . and consistency."[1] *Id.* The regulations further require the agency to "explain how [it] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [its] determination or decision." *Id.* § 404.1520c(b)(2).

Here, the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record. Although Dr. L. Hoffman's opinion was the only one that the ALJ found persuasive, the ALJ did not address the opinion's supportability or explain how the opinion was consistent with the record, except to conclude that it was. *See* Admin. R. on Appeal at 24 ("I find this determination somewhat persuasive as it is generally consistent with the evidence of record."). Similarly, the ALJ did not address the

---

[1] Supportability means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Consistency means "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

consistency of Dr. Amanda Slowik's opinion except to say that "it [was] inconsistent with the evidence of record during the relevant period." Admin. R. on Appeal at 24.

Despite the ALJ's procedural error, we could affirm if "'a searching review of the record' assures us 'that the substance of the [regulation] was not traversed.'" *Estrella*, 925 F.3d at 96 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)). Here, however, we cannot conclude that the ALJ's procedural error was harmless. The ALJ did not address the fact that all the opinion evidence in the record, including portions of Dr. Hoffman's opinion, indicated that Loucks would have medium or marked limitations for staying on task and for attendance. Nor did the ALJ adequately address the fact that Loucks's treatment notes and other record evidence consistently showed that she had serious psychological symptoms year after year. For instance, she repeatedly reported that she lacked motivation to complete basic daily living activities and that her depression and anxiety caused her to stay in bed and only get up as needed to use the bathroom or eat. She also consistently had significant struggles with disorganized thoughts, oral communication, controlling her anger, obsessive compulsions, and social anxiety.

Instead, the ALJ focused on the fact that Loucks's mental status examinations were largely normal. These examinations, however, analyze the patient's mental state only at the time of the examination and do not consider symptoms the patient may experience outside of that brief period of time. *See Estrella*, 925 F.3d at 98 ("[A] one-time snapshot of a claimant's status may not be indicative of her longitudinal mental health."). The ALJ also noted that Loucks improved with treatment, that such treatment was of a limited nature, and that she was not entirely compliant with treatment. But the ALJ selectively relied on portions of the record that showed improvement without even addressing the weight of the evidence supporting the fact that Loucks continued to have serious psychiatric symptoms even after years of treatment and steadily increasing

4

medication. *See id.* at 97 ("Cycles of improvement and debilitating symptoms of mental illness are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." (cleaned up)). Moreover, the treatment notes indicated that Loucks's lack of compliance was due at least in part to her mental illnesses and related limitations. And although the ALJ noted that Loucks reported engaging in some limited and sporadic part-time work and that she engaged in some daily living activities such as reading and playing games on her phone, these activities did not show that Loucks could hold down a steady job for an extended period of time. *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[T]here is no evidence that [claimant] engaged in any of these activities for sustained periods comparable to those required to hold a . . . job." (cleaned up)).

When the ALJ has committed procedural error, we generally remand with instructions to reconsider the disability claim consistent with the procedural mandates of the governing regulations. *See, e.g.*, *Estrella*, 925 F.3d at 98. But "where application of the correct legal principles to the record could lead to only one conclusion, there is no need to require agency reconsideration." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). In light of the consistency of the medical opinions concerning Loucks's significant work-related limitations and the record evidence showing that Loucks had ongoing serious psychiatric symptoms, we conclude that record "compel[s] but one conclusion"—that Loucks is disabled. *Id.*

Accordingly, we reverse the judgment of the district court and remand the matter to the ALJ for calculation of benefits.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5