24-1979-cv
*Tucker v. Commissioner of Social Security*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

Melissa Maria Tucker,

> *Plaintiff-Appellant,*

v.                                                                            No. 24-1979-cv

Commissioner of Social Security,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**

      CHRISTOPHER JAMES BOWES, ESQ.,
      Shoreham, NY.

**FOR DEFENDANT-APPELLEE:**

      NATASHA OELTJEN, Special Assistant United States Attorney (Kathryn Pollack, Special Assistant United States Attorney, Suzanne M. Haynes, Acting Associate General Counsel – Division 2, Office of the General Counsel, Social Security Administration, Baltimore, MD, *on the brief*), *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Melissa Maria Tucker appeals from a May 28, 2024 judgment affirming the Commissioner of Social Security's denial of supplemental security income under Title XVI of the Social Security Act.

Applying the five-step sequential evaluation process for determining

2

disability, *see Estrella v. Berryhill*, 925 F.3d 90, 94 (2d Cir. 2019); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), an administrative law judge (ALJ) found at step two that Tucker suffered from fibromyalgia, tension headaches, migraines, obesity, depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. But the ALJ concluded at steps four and five that these severe impairments did not preclude all employment. Rather, Tucker had the residual functional capacity to perform a range of simple light work, and the vocational expert testified there were jobs in the national economy fit for her capabilities. Hence, Tucker was not disabled within the meaning of the Social Security Act.

The Social Security Administration Appeals Council denied Tucker's request for review, rendering the ALJ's decision final. On appeal, Tucker principally argues that the ALJ failed to properly weigh the medical opinions of two of her treating physicians. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

**Discussion**

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Estrella*, 925 F.3d

at 95 (quotation marks omitted). "[W]e review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quotation marks omitted). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Estrella*, 925 F.3d at 95 (quotation marks omitted).

Tucker contends that the ALJ misapplied the treating physician rule by discounting the medical opinions of her psychiatrist, Dr. Bassam Awwa, and her primary care provider, Dr. Suresh D'Mello. We disagree.

The treating physician rule applies to claims, such as this one, that were filed before March 27, 2017. 20 C.F.R. § 416.927. As its name connotes, this rule "states that the medical opinion of a claimant's treating physician must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022) (quotation marks omitted).

To determine "the appropriate weight to assign a treating physician's opinion," the ALJ must follow a two-step analysis. *Estrella*, 925 F.3d at 95–96.

4

"First, the ALJ must decide whether the opinion is entitled to controlling weight." *Id.* at 95. "Second, if the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it." *Id.* In making this assessment, the ALJ is required to "explicitly consider certain nonexclusive factors," including "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022).

The ALJ's failure to "*explicitly* apply the[se] factors . . . is procedural error." *Id.* We will conclude that such an error is harmless and affirm, however, if "the ALJ has otherwise provided good reasons for its weight assignment," *id.* (quotation marks omitted), and "a searching review of the record assures us that the substance of the treating physician rule was not traversed," *Estrella*, 925 F.3d at 96 (quotation marks omitted).

As relevant, Tucker's psychiatrist, Dr. Awwa, submitted three opinions in support of Tucker's claim, which reported diagnoses of depression and anxiety disorders and attested to extensive mental limitations, such as in carrying out detailed instructions, using appropriate coping skills, and performing work

5

activity on a sustained basis. Dr. D'Mello, her primary care provider, submitted two opinions, which reflected treatment for fibromyalgia, chronic fatigue, depression, and migraines and reported severe physical limitations, such as being able to sit, stand, or walk for up to only three hours in an eight-hour workday.

The ALJ recognized plaintiff's treatment relationships with both physicians, the physicians' respective specialties, and that their medical opinions supported a finding of disability. But she ultimately assigned their opinions minimal or no weight. "[A]lthough the ALJ should have proceeded more methodically through the [§ 416.927(c)] factors . . . , it is evident that she applied the substance of the treating physician rule" in discounting these opinions. *Schillo*, 31 F.4th at 79 (quotation marks omitted).

Starting with Dr. Awwa, even assuming, as Tucker argues, that the ALJ erred in concluding that Dr. Awwa began treating Plaintiff in 2012, as opposed to in 2009,[1] the ALJ articulated "good reasons supported by substantial evidence" for affording his opinions minimal weight. *Schillo*, 31 F.4th at 76 (quotation marks

---

[1] Accepting this argument does not warrant remand, since "where application of the correct legal principles to the record could lead to only one conclusion," here, that the ALJ reasonably assigned limited weight to Dr. Awwa's opinions, "there is no need to require agency reconsideration." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).

omitted).   The ALJ explained that Dr. Awwa's April 2014 and 2016[2] opinions were conclusory, and that the latter was internally inconsistent, "as Dr. Awwa advised that [Tucker] had no limitations in her ability to respond appropriately to supervision, co-workers, and work pressures and changes in a routine work setting but found extreme limitations in maintaining social functioning."   C.A.R. at 1699.   The ALJ also observed, as to all three opinions, that Dr. Awwa's treatment notes did not support his assessed limitations, since those notes reflected "some symptoms of depressed mood and anxiety but otherwise largely intact mental status examinations with an overall effectiveness of her medications."   *Id.* at 1698.   Nor were Dr. Awwa's restrictive findings consistent with other evidence in the record,[3] including other clinical treatment notes and Tucker's independent activities.

The ALJ also provided good reasons for assigning no weight to Dr. D'Mello's opinions.   As the ALJ observed, Dr. D'Mello's opinions were in a

---

[2] This opinion is undated, but the parties agree that it was generated in approximately April or May 2016.
[3] To the extent Tucker takes issue with the ALJ's reasoning on this front, we note that "[r]egardless of whether [this evidence] standing alone could have been sufficient to accord lesser weight to the treating physicians' opinions, it bolsters what the ALJ found after a thorough review of the record: that during the relevant period, [Tucker] did not have a total inability [to perform a partial range of light work involving no more than simple and routine tasks]."   *Schillo*, 31 F.4th at 77 n.4.   This also applies vis-à-vis the ALJ's consideration of Tucker's community college enrollment in discounting Dr. D'Mello's opinions.

"checklist style format," which provided "little explanation" for the assessed limitations. C.A.R. at 1697. Although, as Tucker argues, a treating source opinion may not "be discounted . . . based on the naked fact that it was provided in a check-box form," *Colgan*, 22 F.4th at 361, it may be discounted if it is not "supported by substantial evidence." *Schillo*, 31 F.4th at 77. And here, the ALJ reasonably determined that Dr. D'Mello's opinions were unsupported by the treatment notes, which showed "largely normal physical examinations and intact mental status exams." C.A.R. at 1697. In addition, the ALJ also reasonably found that these opinions were inconsistent both with Dr. D'Mello's recommendations to exercise[4] and Tucker's independent activities. Thus, the ALJ was entitled to give no weight to Dr. D'Mello's evaluations.

Our review of the record corroborates that the ALJ "applied the substance of the treating physician rule." *Schillo*, 31 F.4th at 79. Indeed, "[t]he ALJ's written decision effectively covered the factors listed in [§ 416.927(c)], including the nature of the examining and treating relationships, the supportability of the

---

[4] Contrary to Tucker's argument, the ALJ reasonably found that Dr. D'Mello's recommendations to engage in "regular physical activity," including "aerobic exercise" and "resistance training," C.A.R. at 1259, undermined his opinion, which assessed her as having severe physical limitations that were inconsistent with even low-impact exercise. *Cf., e.g.*, *Rivers v. Astrue*, 280 F. App'x 20, 22 (2d Cir. 2008) (noting that a physician's recommendation that claimant maintain her exercise regimen and enroll in physical therapy supported ALJ's finding that fibromyalgia was not disabling).

opinions, their consistency with the record as a whole, and the doctors' specialization." *Id.* Further, although Tucker accuses the ALJ of "cherry-pick[ing]" evidence in assessing Dr. Awwa's opinions, Appellant Br. at 36, the ALJ considered the abnormal mental status findings and changes in medication that Tucker claims were ignored. And, consistent with the ALJ's appraisal of the record, Dr. Awwa in fact frequently observed that Tucker attends to tasks normally; has intact memory, insight, and judgment; and demonstrates a good fund of knowledge. Other providers assessed unremarkable mental status findings as well.

Accordingly, we are satisfied that "the substance of the treating physician rule was not traversed." *Estrella*, 925 F.3d at 96 (quotation marks omitted).

\* \* \*

We have considered Tucker's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9